[Cite as *In re R.G.*, 2016-Ohio-8426.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| R.G., DELINQUENT CHILD. | | |
| | : | |
| | | **CASE NO. 2016-G-0064** |
| | : | |

Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 15 JD 82.

Judgment: Affirmed.

*James R. Flaiz,* Geauga County Prosecutor, and *Melissa J. Lee,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Appellee – State of Ohio).

*Timothy Young,* Ohio Public Defender, and *Charlyn Bohland,* Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Appellant – R.G.).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Juvenile-appellant, R.G., appeals her classification as a juvenile offender registrant following her true pleas and delinquency adjudication on two counts of gross sexual imposition in the Geauga County Court of Common Pleas, Juvenile Division. Appellant argues that R.C. 2152.83, which sets forth different classification standards depending on the age of the juvenile sex offender, violates equal protection. This court has previously held that R.C. 2152.83 does not violate equal protection, and review of

this issue is now pending in the Ohio Supreme Court. For the reasons that follow, we affirm.

{¶2} On November 30, 2014, appellant, who was then 17-years-old, was residing with her stepfather, his fiance, and his fiance's two daughters, ages four and eight. The girls' mother told the court at appellant's disposition hearing that on that date, she and appellant's stepfather went out for the evening, leaving appellant home to babysit the two young girls. While the adults were out, appellant pulled the girls' pants down and molested and raped them. Afterwards, the eight-year-old took her little sister and the two girls hid from appellant. When she found them, she violently shook the eight-year-old.

{¶3} On December 5, 2014, a complaint was filed against appellant in the Trumbull County Court of Common Pleas, Domestic Relations Division, Juvenile Department, charging her with two counts of rape committed against the two girls, each count being a felony of the first degree if committed by an adult.

{¶4} On February 17, 2015, appellant entered pleas of true and was adjudicated delinquent on two amended counts of gross sexual imposition, each being a felony of the third degree if committed by an adult. Because appellant was residing in Geauga County at the time, the case was transferred to the Geauga County Court of Common Pleas, Juvenile Division, for disposition, and appellant was placed in the temporary custody of Geauga County Job and Family Services.

{¶5} In April 2015, at appellant's disposition hearing, the court committed her to the Department of Youth Services for a period of from one year (six months on each count to be served consecutively to the other) to the date she turns 21 years old.

2

Appellant was also notified there would be a classification hearing prior to her release. Shortly before the classification hearing, appellant filed an objection to the hearing, arguing that her classification as a juvenile offender registrant would violate equal protection and due process and would constitute double jeopardy. She argued that her equal protection rights would be violated because, under R.C. 2152.83, 17-year-old offenders like her are subject to *mandatory* classification, while 14- and 15-year-olds are only subject to discretionary classification. The state filed a brief in opposition.

{¶6} Just prior to her release from DYS, the court held a classification hearing on February 5, 2016. The court overruled appellant's constitutional objection and proceeded to hearing. The court noted that appellant committed two gross-sexual-imposition offenses, each being a Tier I offense if committed by an adult. In exercising its discretion to determine the appropriate level of classification, the court weighed the statutory factors and classified appellant as a Tier I juvenile sex offender, requiring her to register annually for ten years.

{¶7} Appellant appeals her classification. In her brief, she asserted the following two assignments of error:

{¶8} "[1.] The juvenile court erred when it classified R.G. as a juvenile offender registrant because R.G.'s status as a mandatory registrant under R.C. 2152.83(A) violates the Equal Protection Clauses of the U.S. and Ohio Constitutions.

{¶9} "[2.] The juvenile court erred when it classified R.G. as a tier I juvenile offender registrant because the classification period extends beyond the age jurisdiction of the juvenile court, in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution; and, Article 1, Sections 9 and 16, Ohio Constitution."

{¶10} Subsequent to the filing of her brief, appellant filed a "Motion for Waiver of Oral Argument," in which she stated that the issue presented in her second assignment of error was recently decided (against her) by the Ohio Supreme Court in *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, ¶1. Appellant stated that she "[t]herefore * * * withdraws the second assignment of error." As a result, we confine our analysis to appellant's first assignment of error.

{¶11} R.C. 2152.83 treats juvenile sex offenders differently with respect to whether and how they are classified as juvenile offender registrants based on their age at the time of the offense. First, children who are 13-years-old or younger at the time they committed their offenses are *not subject to sex offender classification*. R.C. 2152.83(A)(1)-(B)(1). Second, children who are 14- or 15-years-old when they committed their offenses are subject to *discretionary* classification, meaning that the juvenile court has discretion in deciding whether the child will be classified as a juvenile offender registrant. R.C. 2152.83(B)(1). Third, children who are 16 or 17 at the time of their offenses are subject to *mandatory* classification, i.e., the court is required to classify them as juvenile offender registrants. R.C. 2152.83(A)(1). In this latter category, the juvenile court has authority to determine the appropriate level of classification.

{¶12} Appellant argues these distinct classification standards for juvenile sex offenders based on their age violate equal protection because there is no rational basis for the disparate treatment of juveniles she believes are similarly situated.

{¶13} Statutes enacted by the General Assembly enjoy a strong presumption of constitutionality. *State v. Cook*, 83 Ohio St.3d 404, 409 (1998). Legislation will not be

held unconstitutional unless it is shown to be unconstitutional beyond a reasonable doubt. *Id.* The burden of proving that a statute is unconstitutional is on the party challenging the legislation. *State v. Thompkins*, 75 Ohio St.3d 558, 560 (1996).

{¶14} The Fourteenth Amendment to the United States Constitution provides that "[n]o state shall * * * deny to any person within its jurisdiction the equal protection of the laws." The Supreme Court of Ohio has deemed the Equal Protection Clause in the Ohio Constitution to be "functionally equivalent" to the right established by the Fourteenth Amendment. *Am. Ass. Of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ.*, 87 Ohio St.3d 55, 59 (1999). Consequently, a claim under either provision requires the same analysis; i.e., that similarly-situated individuals be treated in a similar manner. *See McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, ¶6.

{¶15} An equal protection violation requires a showing that *similarly situated* individuals are treated differently. *Conley v. Shearer*, 64 Ohio St.3d 284, 288-289 (1992). Thus, a statute that operates similarly on similarly-situated individuals does not violate equal protection. *Id.* Conversely, a statute that treats individuals who are not similarly-situated differently does not violate equal protection. This is because a comparison of only similarly-situated individuals is imperative for an equal protection claim. *Ohio Apt. Assn. v. Levin*, 127 Ohio St.3d 76, 2010-Ohio-4414, ¶38.

{¶16} However, class distinctions among similarly-situated individuals are permissible if the distinctions bear some rational relationship to a legitimate governmental objective. *Thompkins*, *supra*, at 561. Otherwise stated, similarly-situated

5

persons must be treated alike, unless a rational basis justifies treating them differently. *Levin, supra.*

**{¶17}** "[T]he drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one." *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 314 (1976). Distinctions or classifications created by the legislature are thus presumed to be valid. *Id.* Perfect classifications are not necessary, let alone possible, and a law does not violate equal protection merely because the classifications are imperfect. *Id.* at 314, 316. Consequently, there is "substantial deference to the predictive judgment" of the legislature. *State v. Williams,* 88 Ohio St.3d 513, 531 (2000).

**{¶18}** The proper standard of review for classifications based on age is the rational basis test. *In re B.D.*, 11th Dist. Portage No. 2011-P-0078, 2012-Ohio-4463, ¶26; *Murgia, supra*, at 314-316. Under this test, legislative classifications are invalid only if they have no relation to the state's legitimate interests and no ground can be conceived to justify them. *Thompkins, supra.* When faced with a challenge to the rationality of a statutory classification, "the state does not bear the burden of proving that some rational basis justifies the challenged legislation." *Williams, supra.* Rather, the party challenging the classification must show the classification is not rationally related to any legitimate governmental interest. *Vacco v. Quill*, 521 U.S. 793, 799 (1997). "The challenger must negat[e] every conceivable basis before an equal protection challenge will be upheld." *Williams, supra.*

**{¶19}** This court, in *B.D.*, *supra*, held that R.C. 2152.83 does not violate equal protection. *Id.* at ¶32. In *B.D.*, the appellant, who was 15-years-old when he committed his offense, argued that the juvenile registration classifications based on age violated

6

his equal protection rights because children 13 and under are not subject to registration, while 14- and 15-year-olds are subject to discretionary registration. This court stated that the appellant failed to demonstrate that 14- and 15-year-old offenders classified under the scheme are similarly situated to children who are 13 or under. *Id.* at ¶31. Further, this court stated that, even if the individuals in both groups were similarly situated, the legislature made a policy decision to exclude children who are 13 and under from the classification scheme; this is a uniquely legislative function; and the line drawn is presumed constitutional. *Id.* at ¶31-32. This court in *B.D.* stated:

> **{¶20}** Although B.D. argues that the scheme provides no rationale for treating 14- and 15-year-old offenders differently from 13-year-old offenders, he has failed to overcome the presumption of validity. That is, he has neither established that the legislative policy of excluding 13-year-old offenders is unreasonable, nor has he demonstrated that the inclusion of 14 and 15-year-old offenders in the scheme is unreasonable. B.D. has therefore failed to overcome the presumptive validity of the "line-drawing" policy decision made by the General Assembly. As a result, *we hold the age-based distinction relating to juvenile registration does not violate equal protection.* (Emphasis added.) *B.D., supra,* at ¶32.

**{¶21}** More recently, this court, in *In re T.W.*, 11th Dist. Ashtabula No. 2015-A-0013, 2015-Ohio-5213, again held that R.C. 2152.83 does not violate equal protection. *Id.* at ¶30. However, the facts in *T.W.* were virtually the same as those presented in the instant case because T.W., like R.G., was a 17-year-old mandatory registrant. In *T.W.*, the appellant challenged his juvenile-offender-registrant classification on equal protection grounds. In holding the age differentials in R.C. 2152.83 do not violate equal protection, this court approved and followed the Seventh District's recent holding in *In re M.R.*, 7th Dist. Jefferson No. 13 JE 30, 2014-Ohio-2623. *T.W., supra,* at ¶30. This court in *T.W.* stated:

7

**{¶22}** We * * * agree with the disposition of the appellant's equal protection violation claim in *In re M.R.*, in which it explains that the differential treatment in the statute, i.e., distinct classification standards for different aged offenders, is rationally related to a legitimate interest. Specifically, the age differentials in R.C. 2152.83 were designed to protect the public from the older delinquents as well as to provide the younger offenders more opportunity to reform and rehabilitate. *T.W., supra,* citing *M.R., supra,* at ¶43-46; *B.D., supra,* at ¶31-32; *In re J.M.,* 3d Dist. Wyandot No. 16-12-01, 2012-Ohio-4109, ¶32.

**{¶23}** In *M.R., supra,* the Seventh District, in holding that the classification scheme in R.C. 2152.83 does not violate equal protection, stated:

**{¶24}** The purpose of sex offender registration is ultimately to protect the public. * * * As the state argues, it is a core premise of the juvenile system that as a juvenile matures, he becomes more responsible and thus more accountability can be expected. The state urges that the prohibition on classifying those 13 and under, the discretionary classification of those 14 and 15, and the mandatory classification of sex offenders who are 16 and 17 evinces a rational common sense adoption of the theory that younger children are less culpable, less accountable, and less dangerous. It is not unreasonable to act under the belief that it is easier to reform, retrain, and rehabilitate a younger child than an older child. As the state points out, an older juvenile will also "age out" of the system sooner than a younger juvenile and thus there is less time available to provide the older juvenile with rehabilitative services, making registration for tracking and agency coordination purposes more desirable. *M.R., supra,* at ¶44.

**{¶25}** The Supreme Court of Ohio, in accepting an appeal in *M.R.,* ordered that the appeal in *M.R.* be held for the decision in *In re D.S., supra,* and that the briefing schedule in *M.R.* be stayed. Two of the propositions of law in *D.S.* (regarding due process and double jeopardy) are identical to those presented in *M.R.* The Supreme Court recently issued its decision in *D.S, supra,* in which the Court held that R.C. 2152.83 does not violate due process or double jeopardy. *D.S., supra,* at ¶25, 40. Thereafter, the Ohio Supreme Court issued its decision in *In re M.R.,* ___ Ohio St.3d

____, 2016-Ohio-5451, affirming the 7th District's decision regarding due process and double jeopardy on the authority of *D.S.* and dismissing the remainder of the appeal as having been improvidently accepted.

{¶26} Aside from this court, other Ohio Appellate Districts have also held that the age classification scheme in R.C. 2152.83 does not violate equal protection. In *J.M., supra*, the Third District considered an equal-protection challenge by a mandatory registrant. The court held that the classification scheme bears a rational relationship to a legitimate government interest and so did not violate J.M.'s right to equal protection. *Id.* at ¶32. In support, the Third District stated:

> {¶27} "[I]f the purpose of sex offender classification is to notify and protect the public due to the likelihood of recidivism among sex offenders, it is likely the General Assembly concluded that the lower the age of the offender, the reduced likelihood of recidivism, thereby granting the juvenile court discretion in determining whether a sex offender classification is needed when the offender is younger." *Id.*, quoting *In re Messmer*, 3d Dist. Wyandot No. 16-09-17, 2010-Ohio-1088, ¶26.

{¶28} The Fourth District also held that juvenile offender age classifications do not violate equal protection principles because the lines drawn are rationally related to the legitimate governmental interest in protecting the public. *In re C.P.*, 4th Dist. Athens No. 09CA41, 2010-Ohio-1484, ¶25, *reversed by the Supreme Court on other grounds at* 131 Ohio St.3d 513, 2012-Ohio-1446.

{¶29} The Fifth District, in *In re A.W.*, 5th Dist. Knox No. 15CA3, 2015-Ohio-3463, held that a juvenile sex offender, who was adjudicated delinquent, was properly classified as a juvenile offender registrant, pursuant to R.C. 2152.83, because, inter alia, there was no equal protection violation inasmuch as the statute is rationally related to a legitimate governmental interest. *Id.* at ¶29.

9

{¶30} Thus, the Eleventh, Third, Fourth, Fifth, and Seventh Districts have held that the age classification scheme in R.C. 2152.83 does not violate equal protection. Significantly, appellant does not even attempt to distinguish any of these decisions. Further, she does not cite any cases holding that the classification scheme in R.C. 2152.83 violates equal protection.

{¶31} Applying the foregoing principles to the present case, the age distinctions made in R.C. 2152.83 are presumed valid and appellant has failed to demonstrate that offenders who are 13 and younger and offenders who are 14- or 15-years-old are similarly situated to 16- and 17- year-old offenders. *B.D., supra,* at ¶31. For this reason alone, appellant has failed to demonstrate an equal protection violation.

{¶32} However, even if these three groups were similarly situated, appellant has failed to overcome the presumption of validity because she has failed to meet her burden to prove there is no conceivable rational basis for the legislation. *Williams, supra.* Appellant has therefore failed to overcome the presumptive validity of the "line-drawing" policy decision made by the General Assembly.

{¶33} Although the state has no burden to prove a rational basis for the disparate treatment based on the age of the juvenile, Ohio Appellate Districts that have considered the issue have identified legitimate governmental interests promoted by R.C. 2152.83, i.e., to protect the public from older delinquents and to provide younger offenders with more opportunity for reform and rehabilitation.

{¶34} Appellant argues the General Assembly does not give any rationale for treating older offenders differently from younger offenders who have committed the same offense. However, the classification scheme is presumed to be valid; appellant

has failed to overcome this presumption; and the state has no burden to provide a rationale for the classification scheme. *Williams, supra.*

**{¶35}** Appellant also argues the different treatment of juveniles based on their age is not supported by scientific evidence. "However, this validly enacted statute is presumed constitutional, and the state need not present such evidence." *M.R., supra*, at ¶42, citing *Levin, supra*, at ¶34. Appellant then proceeds to cite various articles on websites, which, she argues, do not show that juvenile registration improves public safety and show that such registration harms children. However, these articles are not in the record and appellant did not rely on them to support her argument in the trial court. Thus, they are not properly before us. In any event, since the focus of these articles appears to be on juvenile registration as a whole, rather than on classifications *among* juveniles at different age levels, these articles are irrelevant. *M.R., supra*, at ¶33-34.

**{¶36}** Alternatively, appellant argues that classification based on the juvenile's age should be subject to strict scrutiny review, which would require the state to provide a compelling state interest for the legislation. However, strict scrutiny review only applies when a suspect class or a fundamental right is involved. *A.W., supra,* at ¶23, citing *Conley, supra.* "'Suspect classes include race, sex, religion, and national origin; *age is excluded and is not a suspect class.*'" (Emphasis added.) *A.W., supra,* quoting *Adamsky v. Buckeye Local School Dist.*, 73 Ohio St.3d 360 (1995). Further, fundamental rights are those basic civil rights, such as freedom of speech and freedom of religion. *State v. Lane*, 11th Dist. Geauga No. 2013-G-3144, 2014-Ohio-2010, ¶64. Moreover, this court in *B.D.*, *supra*, held that "[b]ecause the legislative classification [in

11

R.C. 2152.83] "neither burdens a fundamental right nor targets a suspect class, we employ a rational-basis standard of review." *Id.* at ¶26. For the foregoing reasons, appellant's equal protection challenge to R.C. 2152.83 is not subject to strict scrutiny analysis.

{¶37} We therefore hold that R.C. 2152.83 is rationally related to a legitimate governmental interest and does not violate the Equal Protection Clauses in the United States and Ohio Constitutions.

{¶38} For the reasons stated in this opinion, the assignment of error lacks merit and is overruled. It is the order and judgment of this court that the judgment of the Geauga County Court of Common Pleas, Juvenile Division, is affirmed.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

—————————————

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶39} I respectfully dissent, finding merit in R.G.'s first assignment of error, that her equal protection rights were violated.

{¶40} The majority relies, in part, on the reasoning of the Seventh District Court of Appeals in *In re M.R.*, 2014-Ohio-2623, in reaching the conclusion that R.C. 2152.83(A) does not violate equal protection by subjecting 16 and 17 year old juvenile sex offenders to mandatory sexual offender classification. As the majority notes, this court approved and adopted *In re M.R.* in *In re T.W.*, *supra.* The Seventh District

correctly concluded that an equal protection challenge to R.C. 2152.83(A) was subject to the rational basis level of scrutiny. *In re M.R.*, 2014-Ohio-2623, at ¶35-45. The Seventh District went on to find the legislature could rationally conclude the farther a juvenile is from adulthood, the more responsive he or she will be to treatment, and thus less likely to recidivate. The obvious corollary being that older juveniles – those 16 or 17 years of age – are more likely to recidivate.

{¶41} The juvenile in *M.R., supra*, was granted a discretionary appeal by the Supreme Court of Ohio. *In re M.R.*, 140 Ohio St.3d 1521, 2014-Ohio-5251. The first and second propositions of law advanced by M.R. concerned due process and double jeopardy. The third, however, involved equal protection, and read: "R.C. 2152.83(A) violates the Equal Protection Clauses of the United States and Ohio Constitutions because it requires mandatory registration for 16- and 17-year old first-time offenders." *Memorandum in Support of Jurisdiction of Minor Child-Appellant M.R.*, Case No. 14-1315 (Aug. 1, 2014). August 23, 2016, the Supreme Court of Ohio rejected M.R.'s first two propositions of law based on its decision in *In re D.S., supra. In re M.R.*, Slip Opinion No. 2016-Ohio-5451. However, it dismissed as improvidently granted the equal protection challenge embodied in the third proposition of law. *Id.* Justices Pfeifer, Lanzinger, and O'Neill dissented.

{¶42} M.R. moved for reconsideration regarding the third proposition of law September 1, 2016. The court denied the motion October 26, 2016, with justices Pfeifer, Lanzinger and O'Neill again dissenting. *In re M.R.*, 2016-Ohio-7455. This writer finds the following quote from the memorandum in support of the motion for

reconsideration, written by Brooke M. Burns, Chief Counsel, Juvenile Department, Office of the Ohio Public Defender, both enlightening, and convincing:

**{¶43}** "* * * R.C. 2152.83(A) mandates the classification of 16- and 17-year old, first-time juvenile offenders as sex offender registrants * * * eliminating the juvenile court's ability to determine *whether* a 16- or 17-year-old child should register, based on the facts of the child's case. Instead, the legislature has determined that registration should be mandatory for this group of child offenders, based solely on the child's age at the time of the offense. R.C. 2152.83(A). This is in stark contrast to the discretionary registration to which first-time 14- and 15-year-old juvenile offenders are subject. R.C. 2152.83(B).

**{¶44}** "But, research demonstrates that there is no rational basis for mandating the classification of 16- and 17-year-old juvenile offenders based on their age. For example, adolescents who commit sexual offenses have an extremely low recidivism rate, especially when supplied with appropriate treatment and support. According to the Ohio Association of County Behavioral Health Authorities, the Ohio recidivism rates for juveniles who commit a sexual offense and who receive treatment, supervision, and support, are lower than any other group of offenders, at 4%-10%. The Ohio Association of County Behavioral Health Authorities, *Behavioral Health: Developing a Better Understanding, Juvenile Sex Offenders*, Vol. 3, Issue no. I at 1. That means 90% to 96% of juvenile offenders receiving appropriate treatment are not a danger to the public – including those who were 16 or 17 at the time of the offense. Further, adolescents who commit sexual offenses do not have deviant sexual arousals, do not meet the criteria for pedophilia, and do not have the same long-term tendencies to commit sexual

14

offenses when compared to adults who commit sexually oriented offenses. Chaffin et al., *What Research Shows About Adolescent Sex Offenders*, National Center on Sexual Behavior of Youth, No. 1 (July 2003) at 1-3.[1] This is true for all juvenile offenders, not just those under the age of 16."

{¶45} In sum, the scientific evidence belies the legislature's presumption that older juvenile sex offenders are more likely to recidivate than younger offenders. Consequently, the mandatory classification of 16 and 17 year old first time sex offenders cannot pass the rational basis level of scrutiny.

{¶46} On its face, the conclusion that older juvenile sex offenders are more likely to recidivate than younger ones seems logical. But the scientific evidence says otherwise. As science delves deeper into many areas of human life, including behavior, the law must incorporate the new findings. The ancient Greeks once believed Helios drove his Sun Chariot from the east, to the western ocean each day, then during the night, under the ocean and back to the east, to commence the next day. And the state of human knowledge at the time made this plausible. As Greek science advanced, the Greeks realized the myth of Helios was just that – a myth.

{¶47} The constitutional rational basis test must mean just that: legislation must be rationally based in order to sustain the government's regulation of the individual

---

1. *See also* Association for the Treatment of Sexual Abusers (ATSA), *The Effective Legal Management of Juvenile Sex Offenders*, (Mar. 11, 2000), available at http://www.atsa.com/ppjuvenile.html (accessed Aug. 31, 2016); Miranda & Corcoran, *Comparison of Perpetration Characteristics Between Male Juvenile and Adult Sexual Offenders: Preliminary Results*, 12 Sexual Abuse, A Journal of Research and Treatment 179 (2000), available at http://www.springerlink.com/content/n8234311q65916m3/ (accessed Aug. 31, 2016); Alexander, *Sexual Offender Treatment Efficacy Revisited*, 11 Sexual Abuse, A Journal of Research and Treatment 101 (1999) available at http://www.springerlink.com/content/n33644k217r38211/ (accessed Aug. 31, 2016); Zimring et al., *The Predictive Power of Juvenile Sex Offending: Evidence from the Second Philadelphia Birth Cohort Study* (2007), available at http://ssrn.com/abstract=995918 (accessed Aug. 31, 2016); Zimring et al., *Sexual Delinquency in Racine: Does Early Sex Offending Predict Later Sex Offending In Youth And Young Adulthood?*, Criminology & Public Policy, 6:507-534 (2007) available at http://www.icpsr.umich.edu/icpsrweb/ICPSR/biblio/studies/8163/resources/48125?collection=DATA&sortBy=1 (accessed Aug. 31, 2016).

rights of the citizen. When scientific reality disproves the intuitive knowledge embodied in legislation passed long ago, the legislation is, by definition, no longer rationally based. The constitution requires that the legislation must yield to the proven reality.

{¶48} Since I find that R.C. 2152.83(A) does not pass the rational basis test, I respectfully dissent regarding the disposition of R.G.'s first assignment of error.