[Cite as *In re M.I.*, 2017-Ohio-1524.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE:  M.I.

:

:

:

APPEAL NO. C-160466
TRIAL NO. 12-7570X

*O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 26, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula Adams*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Timothy J. McKenna*, for Appellant M.I.

**MYERS, Judge.**

{¶1} In 2012, in Gallia County, M.I. was adjudicated delinquent for committing acts which, had they been committed by an adult, would have constituted gross sexual imposition. M.I. was 16 years old when he attacked his guardian ad litem, groping and grabbing her. The case was transferred to Hamilton County for disposition. The Hamilton County Juvenile Court committed M.I. to the Department of Youth Services. The parties stipulated to M.I.'s classification as a Tier I juvenile offender registrant, the lowest classification. At the end-of-disposition hearing in 2016, M.I. argued that his mandatory classification as a Tier I offender was unconstitutional. The magistrate determined that she had no authority to declassify M.I., and continued his Tier I classification. M.I. objected. The juvenile court adopted the magistrate's decision continuing M.I.'s classification as a Tier I juvenile offender registrant. M.I. has appealed.

{¶2} M.I.'s sole assignment of error alleges that the mandatory classification of 16- and 17-year-old sex offenders under R.C. 2152.83(A) and 2152.84(A)(2)(c) violates the Equal Protection Clauses of the United States and Ohio Constitutions, because there is no rational basis for treating juvenile sex offenders differently based upon their ages. Under the juvenile-sex-offender laws, sex offenders 13 or younger may not be classified, classification is discretionary for 14- and 15-year-old sex offenders, and 16- and 17-year-old sex offenders must be classified. R.C. 2152.83. The juvenile court has the discretion to determine the appropriate tier in which to place 16- and 17-year-old sex offenders, but the court must classify them. *Id.* Once a juvenile sex offender has been classified, the juvenile court may lower the classification at the end-of-disposition hearing, but the court has no authority to declassify the juvenile. R.C. 2152.84(A)(2)(c). Nor may the court increase the classification. *Id.*; R.C. 2152.84(B)(2).

2

{¶3} Statutes validly enacted by the General Assembly are presumed to be constitutional. *State v. Cook*, 83 Ohio St.3d 404, 409, 700 N.E.2d 570 (1998). As the party challenging the legislation, M.I. has the burden to prove that it is unconstitutional. *State v. Thompkins*, 75 Ohio St.3d 558, 560, 664 N.E.2d 926 (1996). The parties agree that under M.I.'s equal-protection argument, the statutes are subject to rational-basis review. Therefore, M.I. must prove that the statutory classifications are not rationally related to any legitimate governmental interest. *Id.*; *State v. Thompson*, 95 Ohio St.3d 264, 2002-Ohio-2124, 767 N.E.2d 251, ¶ 13; *State v. Williams*, 88 Ohio St.3d 513, 728 N.E.2d 342 (2000).

{¶4} M.I. argues that there is no rational basis for treating juvenile sex offenders differently based on their ages. The Third, Fourth, Fifth, Seventh, Eighth, and Eleventh Appellate Districts have considered and rejected this argument. *See In re R.G.*, 11th Dist. Geauga No. 2016-G-0064, 2016-Ohio-8426; *In re T.M.*, 11th Dist. Geauga No. 2016-G-0060, 2016-Ohio-8425; *In re D.C.*, 8th Dist. Cuyahoga No. 103854, 2016-Ohio-4571; *In re D.D.*, 5th Dist. Stark No. 2015CA0043, 2015-Ohio-3999; *In re A.W.*, 5th Dist. Knox No. 15CA3, 2015-Ohio-3463; *In re M.R.*, 7th Dist. Jefferson No. 13 JE 30, 2014-Ohio-2623; *In re Forbess*, 3d Dist. Auglaize No. 2-09-20, 2010-Ohio-2826; *In re C.P.*, 4th Dist. Athens No. 09CA41, 2010-Ohio-1484, *rev'd on other grounds*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729. We have found no Ohio appellate court case holding that treating juvenile sex offenders differently based upon their ages violates equal protection.

{¶5} As set forth in R.C. 2950.02, the purpose of sex-offender registration is to protect the public. Those appellate courts finding no equal-protection violation have reasoned that the legislature's concerns for recidivism and public safety provide a rational basis for treating juvenile sex offenders differently based on their ages. *Id.* The courts have reasoned that it is a core premise of the juvenile court system that as

the juvenile ages, he is more responsible and accountable for his actions. A juvenile who is almost an adult has less time in the juvenile system to be rehabilitated and may be less responsive to rehabilitation. Therefore, more tracking is needed after the juvenile ages out of the system. It is not irrational to conclude that younger children are less culpable and accountable for their actions and less dangerous than older offenders. Younger children have more time in the juvenile system to be rehabilitated and may be more susceptible to rehabilitation than older children.

{¶6} We agree with this reasoning and hold that the juvenile-sex-offender-classification system is rationally related to the legitimate governmental interest of protecting the public from sex offenders. Therefore, it does not violate M.I.'s right to equal protection of the law.

{¶7} We note that the Ohio Supreme Court has held that under the Due Process Clause of the Ohio Constitution, a juvenile has a right to "fundamental fairness" that is violated where mandatory provisions in the juvenile statutes eliminate the " 'essential element of the juvenile process'—the judge's discretion." *See In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, ¶ 30 (holding that imposition upon a juvenile of sex-offender registration and notification requirements that extend beyond age 18 or 21 does not violate due process because the juvenile judge decides whether to impose the penalty), citing *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 77 (holding that R.C. 2152.86, which imposed automatic, lifelong sex-offender registration and notification requirements, violated a juvenile's due-process rights because the requirements were imposed "without the participation of a juvenile judge" and, therefore, failed "to meet the due process requirement of fundamental fairness"); *State v. Aalim*, ____ Ohio St.3d ____, 2016-Ohio-8278, ____ N.E.3d ____ (holding that mandatory transfer of a juvenile to adult court without providing the protection of a discretionary determination by the

4

juvenile judge violates the juvenile's right to due process, and that discretionary transfer of a juvenile over the age of 14 to adult court after an amenability hearing does not). But we make no determination as to whether the mandatory provisions in the juvenile-sex-offender-classification system violate M.I.'s right to due process, because M.I. has attacked his classification only on the basis of equal protection.

{¶8} M.I.'s assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:
The court has recorded its own entry this date.