[Cite as *In re D.R.*, 2021-Ohio-1797.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN RE:  D.R. | : | APPEAL NO. C-190594<br>TRIAL NO. 18-901Z |
|  | : |  |
|  | : | *O P I N I O N.* |

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 26, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

*Raymond T. Faller,* Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender, for Defendant-Appellant D.R.

CROUSE, Judge.

{¶1}   D.R. has appealed the judgment of the juvenile court continuing his classification as a Tier I juvenile-offender registrant under Ohio's version of the Adam Walsh Act.  We hold that D.R.'s continued classification as a Tier I juvenile-offender registrant violated his procedural due-process rights.  Therefore, we reverse the juvenile court's order continuing D.R.'s Tier I classification and remand this cause for a new completion-of-disposition hearing under R.C. 2152.84, during which the juvenile court may exercise its discretion to continue D.R.'s classification as a Tier I juvenile-offender registrant or declassify him.

## I.   Procedural Background

{¶2}   On April 5, 2018, D.R. admitted in juvenile court to an act which, if committed by an adult, would have constituted gross sexual imposition against a victim under the age of 13.  D.R. was 16 at the time of the offense; the victim was a 12-year-old friend.  D.R. was committed to the Department of Youth Services ("DYS") until age 21.  The commitment was suspended, and he was placed on probation and ordered to complete the Lighthouse Youth Services Sex Offender Program.  Because D.R. was 16 at the time of the offense, the juvenile court was required to classify him as a juvenile-offender registrant under R.C. 2152.83.  On August 23, 2018, the juvenile court classified D.R. as a Tier I juvenile-offender registrant.

{¶3}   Pursuant to R.C. 2152.84, the juvenile court magistrate held a completion-of-disposition hearing on June 7, 2019.  D.R. raised constitutional challenges to R.C. 2152.83 and 2152.84, which the magistrate overruled.  The magistrate noted in her decision that the court had no discretion to declassify D.R. because he was 16 at the time of his offense, and therefore, D.R's "classification status will remain a Tier I."  After continuing D.R.'s Tier I classification, the

magistrate stated in her decision, "Additionally, the Court notes that [D.R.] has successfully completed all conditions imposed upon him by this Court. He has not been convicted of any subsequent offense. He is successfully completing a period of probation; and he has successfully completed an appropriate sex offender treatment program. He is also enrolled in college. Thus, the Court terminates the juvenile's period of probation." D.R. filed objections to the magistrate's decision, which the juvenile court judge overruled. The juvenile court adopted the magistrate's decision as the order of the court, but the court stated that D.R.'s due-process argument had some merit as it pertained to the mandatory classification of 16- and 17-year-old offenders. The juvenile court invited D.R. to raise his due-process argument on appeal. As the juvenile court's initial entry of September 17, 2019, failed to state that the court had continued the Tier I classification, the court entered an order on October 4, 2019, nunc pro tunc to September 17, 2019, stating that the Tier I classification was continued. D.R. has appealed.

## II.     Analysis

{¶4}    R.C. 2152.83 treats juvenile sex offenders differently with respect to classification as juvenile-offender registrants based on their ages at the time of their offenses. A child who was 13 or younger at the time of his offense is not subject to sex-offender classification. R.C. 2152.83(A)(1) and (B)(2). A 14- or 15-year-old offender is subject to discretionary classification in that the juvenile court has discretion to decide whether the child will be classified and into which tier he will be placed. R.C. 2152.83(B)(1). An offender who was 16 or 17 years old at the time of his offense is subject to mandatory classification as a juvenile-offender registrant, but the juvenile court has discretion as to what tier the juvenile will be placed in. R.C. 2152.83(A)(1).

3

{¶5} R.C. 2152.84(A)(1) provides that upon the completion of the disposition of the child for the sexually oriented offense, the juvenile court "shall conduct a hearing to review the effectiveness of the disposition and of any treatment provided for the child, to determine the risks that the child might re-offend, to determine whether the prior classification of the child as a juvenile offender registrant should be continued or terminated" pursuant to R.C. 2152.84(A)(2), and "to determine whether its prior determination" as to which tier the child should be placed in "should be continued or modified." The court can only lower the child's tier, it cannot increase it. R.C. 2152.84(B)(2); *In re M.I.*, 2017-Ohio-1524, 88 N.E.3d 1276, ¶ 2 (1st Dist.). But pursuant to R.C. 2152.84(A)(2), if the child is a mandatory juvenile-offender registrant who has been placed in the lowest tier classification, Tier I, the juvenile court can do nothing but continue the Tier I classification.

{¶6} We first turn to D.R.'s second assignment of error, which asserts that his continued mandatory classification as a Tier I juvenile-offender registrant pursuant to R.C. 2152.84(A)(2)(a) violates the Equal Protection Clauses of the United States and Ohio Constitutions.

{¶7} In *In re M.I.*, this court held that the mandatory classification of 16- and 17-year-old sex offenders under R.C. 2152.83(A) and 2152.84(A)(2)(c) does not violate equal protection because the statutes are rationally related to the legitimate governmental interest of protecting the public from sex offenders. We noted the presumption of constitutionality afforded to the statutes and the burden on the juvenile to prove that they are unconstitutional. We stated that the purpose of sex-offender registration is to protect the public, and that the legislature's concern for recidivism and public safety provides a rational basis for treating juvenile sex offenders differently based on their ages. *In re M.I.* at ¶ 2-6. M.I. did not raise, and

therefore, we did not address whether M.I.'s due-process rights were violated, leaving that question open. D.R.'s second assignment of error is overruled.

{¶8}     D.R.'s first assignment of error asserts that his continued classification as a Tier I offender violated his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the Ohio Constitution.   D.R. argues that although R.C. 2152.84(A)(1) entitles him to a completion-of-disposition hearing, his status as a 16-year-old mandatory juvenile-offender registrant who has been classified in the lowest tier, Tier I, means that the hearing is meaningless because the juvenile court has no discretion to declassify him. He argues that although the court is required to hold the hearing and consider the statutory factors, the result of the hearing is a foregone conclusion because the juvenile court can do nothing but continue his classification as a Tier I offender. The rehabilitative goal of the juvenile court is undermined by eliminating the discretion of the juvenile judge. This, he argues, does not comport with procedural due process.

{¶9}     The Due Course of Law provision in Article I, Section 16 of the Ohio Constitution is the equivalent of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 15. "The Due Process Clause is applicable in juvenile proceedings, and although its requirements are inexact, fundamental fairness is the overarching concern," and "a balanced approach is necessary to preserve the special nature of the juvenile process while protecting procedural fairness." *In re D.C.*, 2019-Ohio-4860, 149 N.E.3d 989, ¶ 35 (1st Dist.), citing *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 51. "Procedural due process requires 'that an individual be given an opportunity to be heard at a meaningful time and in a meaningful manner.' " *In re Raheem L.*, 2013-Ohio-2423,

993 N.E.2d 455, ¶ 6 (1st Dist.), quoting *Morrison v. Warren*, 375 F.3d 468, 475 (6th Cir.2004), citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). This court noted in *In re M.I.* that the "Ohio Supreme Court has held that under the Due Process Clause of the Ohio Constitution, a juvenile has a right to 'fundamental fairness' that is violated where mandatory provisions in the juvenile statutes eliminate the ' "essential element of the juvenile process"—the judge's discretion.' " *In re M.I.* at ¶ 7, quoting *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, ¶ 30, citing *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 77.

{¶10} In *In re C.P.*, the Ohio Supreme Court held that R.C. 2152.86 violated due process to the extent that it imposed lifelong registration and notification requirements on juvenile sex offenders who were tried within the juvenile system. *In re C.P.* at ¶ 86. The court stated that "fundamental fairness is the overarching concern" in determining due-process standards as they relate to juveniles. *Id.* at ¶ 71, quoting *D.H.* at ¶ 44. The court noted that in requiring the imposition of a lifetime punishment with no chance of reconsideration for 25 years, R.C. 2152.86 eliminated the discretion of the juvenile judge. *Id.* at ¶ 77. The juvenile judge has no opportunity to determine whether the juvenile has been rehabilitated. *Id.* at ¶ 82-83. The court stated that an "automatic longterm punishment is contrary to the juvenile court's emphasis on individual, corrective treatment and rehabilitation." *Id.* The imposition of an adult penalty with no input from the juvenile judge, who does not decide the appropriateness of the penalty, violates fundamental fairness. *Id.* at ¶ 78. Additional procedural safeguards were required in order to meet the juvenile court's goals of rehabilitation and reintegration into society. *Id.* at ¶ 85. "The protections and rehabilitative aims of the juvenile process must remain paramount; we must recognize that juvenile offenders are less culpable and more amenable to reform than

adult offenders." *Id.* ¶ 84. The court ultimately held that imposing automatic, lifetime requirements of sex-offender registration and notification without the participation of a juvenile judge violated due process. *Id.* at ¶ 86.

{¶11} The Ohio Supreme Court has held that the imposition of registration and notification requirements on a juvenile that continue beyond age 18 or 21 does not violate due process. *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184. But the court pointed out in *In re D.S.* that the juvenile judge exercised discretion to determine the appropriate tier classification in which to place the juvenile, unlike the automatic classification at issue in *In re C.P.* The court stated, "Thus, the offending aspect of the sentence was the inability of the juvenile court judge to exercise discretion in fashioning the disposition. When it comes to juvenile offenders facing penalties into adulthood, '[f]undamental fairness requires that the judge decide the appropriateness of any such penalty.' " *Id.* at ¶ 31, citing *In re C.P.* at ¶ 78. The court noted that the classification scheme in *In re C.P.* was different from the one in *In re D.S.* in that the *In re C.P.* statutory scheme precluded the juvenile judge from determining whether the juvenile had responded to rehabilitation. *Id.* at ¶ 35, citing *In re C.P.* at ¶ 83. The court also pointed out that the statutory scheme in *In re D.S.* provided for periodic review of the juvenile offender's registrant status for purposes of modification or termination; the juvenile judge maintained discretion throughout the course of the offender's registration period as to whether to continue, modify or terminate the classification. *Id.* at ¶ 36. The court held that the "allowance for periodic review and modification" was consistent "with the rehabilitative purposes of the juvenile system." *Id.* ¶ 37.

{¶12} Because D.R. was 16 at the time he committed his offense, the trial court was required to classify him as a juvenile-offender registrant. R.C. 2152.83(A). The juvenile court classified him at disposition as a Tier I juvenile-offender

registrant, the lowest tier.  Upon the completion of D.R.'s disposition, the juvenile court was required to hold a hearing at which it was "to review the effectiveness of the disposition and of any treatment provided for [D.R.], to determine the risks that [D.R.] might re-offend, to determine whether the prior classification * * * should be continued or terminated * * * and to determine whether its prior determination * * * as to whether [D.R.] is a tier I sex offender * * * should be continued or modified." R.C. 2152.84(A)(1).  But pursuant to R.C. 2152.83(A) and 2152.84(A)(2)(b), the court was prohibited from entering an order declassifying D.R.  Even though the juvenile court was required to hold a hearing and consider the statutory factors, because D.R. had been classified as a Tier I offender at disposition, the juvenile court had no discretion to discontinue his classification as a Tier I offender.  Therefore, the completion-of-disposition hearing was meaningless.  D.R. was not " 'given an opportunity to be heard at a meaningful time and in a meaningful manner,' " in violation of his due-process rights.  *See In re Raheem L.*, 2013-Ohio-2423, 993 N.E.2d 455, at ¶ 6, quoting *Morrison*, 375 F.3d at 475, citing *Mathews*, 424 U.S. at 335, 96 S.Ct. 893, 47 L.Ed.2d 18.

{¶13} "Fundamental fairness is the overarching concern" in determining due-process standards as they relate to juveniles.  *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, at ¶ 71, quoting *D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.22d 209, at ¶ 44.  Procedural safeguards are required to meet the juvenile court's goals of rehabilitation and correction.  *Id.* at ¶ 85.  As a juvenile offender, D.R. is less culpable and more amenable to reform than adult offenders.  *See id.* at ¶ 84.  "The disposition of a child is so different from the sentencing of an adult that fundamental fairness demands the unique expertise of a juvenile judge."  *Id.* at ¶ 76, citing *D.H.* at ¶ 59.  "The protections and rehabilitative aims of the juvenile process must remain paramount * * *."  *Id.*  When a juvenile offender such

8

as D.R. is facing a penalty that continues into adulthood, "[f]undamental fairness requires that the judge decide the appropriateness of any such penalty." *Id.* at ¶ 78. Where the statutory scheme prevents the juvenile court from determining whether the juvenile has responded to rehabilitation, it offends due process. *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, at ¶ 35, citing *In re C.P.* at ¶ 83.

{¶14} Here, the essential element of fundamental fairness as it applies in the juvenile system, the discretion of the juvenile judge in fashioning a disposition, is missing. Even though the juvenile court was required to hold a hearing and consider the statutory factors as they related to D.R., the court had no discretion to do anything but continue D.R.'s classification as a Tier I juvenile-offender registrant. This is at odds with the rehabilitative goal of the juvenile court in that it precluded the juvenile court from determining whether D.R. had responded to rehabilitation, which "undercuts the rehabilitative purpose of Ohio's juvenile system and eliminates the important role of the juvenile court's discretion in the disposition of juvenile offenders and thus fails to meet the due process requirement of fundamental fairness." *See In re C.P.* at ¶ 85. We hold that R.C. 2152.84 as applied to D.R., a juvenile-offender registrant who had already been placed in the lowest tier classification, Tier I, violates due process. D.R.'s continued classification as a Tier I offender is unconstitutional as a violation of his due-process rights.

{¶15} We note that this case is distinguishable from the Eighth Appellate District cases of *In re D.C.*, 8th Dist. Cuyahoga No. 103854, 2016-Ohio-4571, and *In re R.A.H.*, 8th Dist. Cuyahoga No. 101936, 2015-Ohio-3342, *rev'd in part on other grounds*, 148 Ohio St.3d 531, 2016-Ohio-7592, 71 N.E.3d 1015, which held that the mandatory classification of 16- and 17-year-old offenders as juvenile-offender registrants did not violate due process. In those cases the juveniles were challenging the constitutionality of the initial classification under R.C. 2152.83(A), and not the

completion of disposition under R.C. 2152.84. Further, D.C. had been classified as a Tier II juvenile-offender registrant.

{¶16} The second assignment of error is sustained. Because we hold that D.R.'s continued classification as a Tier I juvenile-offender registrant violated his procedural due-process rights, we do not reach his argument under his second assignment of error that it violates his right to substantive due process or his argument under his third assignment of error that it violates the prohibition against cruel and unusual punishment.

{¶17} The juvenile court's order continuing D.R.'s Tier I classification is reversed, and this cause is remanded for a new completion-of-disposition hearing under R.C. 2152.84, during which the juvenile court may exercise its discretion to continue D.R.'s classification as a Tier I juvenile-offender registrant or declassify him.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:
      The court has recorded its own entry this date.