[Cite as *In re V.W.*, 2025-Ohio-2773.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

|  |  |  |
|---|---|---|
| IN RE  V.W. | : | |
| | : | Nos. 114567, 114590, |
| A Minor Child | : | 114591, 114593, 114594, |
| | : | and 114595 |

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  August 7, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. DL24103867, DL24102808, DL24105371, DL24105012,
DL24107300, and DL24109151

***Appearances:***

Elizabeth R. Miller, Ohio Public Defender, and Victoria
Ferry, Assistant State Public Defender, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and David Meredith, Assistant Prosecuting
Attorney, *for appellee.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant V.W. challenges the juvenile court's order classifying him as a Tier I juvenile sex offender.  Upon a thorough review of the record, we find that the juvenile court considered the relevant factors necessary to

classify V.W. as a Tier I juvenile sex offender and did not abuse its discretion. We affirm the judgment of the juvenile court.

## I. Procedural History and Relevant Facts.

{¶ 2} On August 20, 2024, V.W. entered into a global plea agreement with the State of Ohio ("State") in six separate cases. V.W.'s sole assignment of error focuses on the juvenile court's order classifying him as a Tier I juvenile sex offender in Cuyahoga J.C. No. DL24102808. As such, our procedural accounting will focus primarily on that case.

{¶ 3} In Case No. DL24102808, V.W. knowingly and voluntarily admitted to one count of attempted rape, a felony of the second degree, in violation of R.C. 2923.02/2907.02(A)(1)(b), and one count of pandering sexually oriented matter involving a minor or impaired person, a felony of the second degree, in violation of R.C. 2907.322(A)(1). As part of the plea agreement, V.W. also admitted to a number of allegations set forth in the remaining five cases, including admissions to felonious assault, receiving stolen property, unauthorized use of a motor vehicle, attempted grand theft, obstructing official business, and criminal damaging. The court accepted V.W.'s admissions and adjudicated him delinquent. The court also referred V.W. for a sex-offender assessment.

{¶ 4} A dispositional hearing was held on October 17, 2024, with respect to each case. The court committed V.W. to the legal custody of the Department of

Youth Services ("DYS") for an indefinite term consisting of a minimum period of 12 months and a maximum period not to exceed V.W.'s 21st birthday.

{¶ 5} On the same day, a sexual registration and classification hearing was held pursuant to R.C. 2152.83(B)(2). Both parties agreed that whether V.W. would have to register as a juvenile sex offender is discretionary. The State requested V.W. be classified as a Tier I juvenile sex offender. With respect to the attempted rape, the State noted that "the compelling factor here is that it was recorded on a phone device and disseminated onto social media."

{¶ 6} In arguing against a juvenile-sex-offender classification, counsel for V.W. addressed the factors set forth in R.C. 2950.11(K) and 2929.12(B). Counsel argued that there were multiple mitigating factors indicating that V.W. should not have to register as a juvenile sex offender.

{¶ 7} After the presentation by both parties, the court classified V.W. a Tier I juvenile sex offender. Prior to doing so, the juvenile court stated:

> I've looked through all the reports, I've looked through the assessments, the probation report, and I've also taken into consideration the nature of the oriented offense.
>
> And I have to place this on the record, whether you've shown any remorse, public interest, and safety, the factors in 2950.11, section (K), and 2929.12(B) and (C).
>
> You have never had any treatment regarding a prior sexual offense, however, I believe, based on the facts of the case, as I know them, your record, your involvement with the court, I'm going to classify you as a Tier I offender.

**{¶ 8}** V.W. filed a notice of appeal on each of the dispositional entries issued in each case by the juvenile court. We sua sponte consolidated each case for briefing, hearing, and disposition.

**{¶ 9}** V.W. presents the sole assignment of error for our review:

> The juvenile court erred when it classified V.W. as a Tier I juvenile sex offender registrant.

## II. LAW AND ANALYSIS

### A. Standard of Review

**{¶ 10}** "A juvenile court is awarded broad discretion in classifying an offender as a Tier I, Tier II, or Tier III juvenile sex offender." *In re K.T.,* 2019-Ohio-4258, ¶ 23 (8th Dist.), citing *In re K.D.H.,* 2013-Ohio-2636, ¶ 8 (12th Dist.), citing *In re C.P.,* 2012-Ohio-1446, ¶ 20. As such, we review the juvenile court's decision to classify V.W. as a juvenile-sex-offender registrant and under which tier for an abuse of discretion. *See In re K.D.H.* at ¶ 8, citing *C.P.* at ¶ 20.

**{¶ 11}** An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). Nor do courts "have discretion to erroneously apply the law." *Shiftmed, LLC v. Westchester Parkway Consulting, LLC,* 2025-Ohio-1554, ¶ 18 (8th Dist.), citing *Johnson v. Abdullah,* 2021-Ohio-3304, ¶ 39. "We must be mindful that when applying the abuse-of-discretion standard, 'we should not substitute our

judgment for that of the trial court.'" *T.C. v. R.B.C.,* 2025-Ohio-1544, ¶ 10 (8th Dist.), quoting *Mills v. Mills,* 2025-Ohio-452, ¶ 28 (8th Dist.).

**B. Applicable Law**

{¶ 12} R.C. 2152.82 through 2152.86 and Chapter 2950 govern juvenile-sex-offender classification and registration in Ohio. "The age of the delinquent child at the time the offense was committed determines whether and how the child may be classified as a sex offender." *In re D.S.,* 2016-Ohio-1027, ¶ 13. "If a child is 14 or 15 years of age at the time of an offense, the court has discretion over classifying a juvenile as a juvenile sex offender registrant, where the juvenile is not a repeat offender or a serious youthful offender." *In re K.T* at ¶ 16, citing *In re D.S.* at ¶ 13, citing R.C. 2152.83(B).

{¶ 13} Prior to classifying a juvenile as a sex offender, the court must first conduct "a hearing pursuant to R.C. 2152.83(B)(2) to determine whether the delinquent child should be so classified." *In re I.A.,* 2014-Ohio-3155, ¶ 6. "As part of that hearing, a judge must consider numerous statutory factors — including information about the offender, the victim, the nature of the crime, and other factors — before determining whether the juvenile should be subject to juvenile-offender-registrant classification." *Id.,* citing R.C. 2152.83(D). "If the judge determines that it is appropriate to impose juvenile-offender-registrant status, the judge must conduct a tier-classification hearing to determine whether the child should be classified as a Tier I, II, or III sex offender." *In re D.S.* at ¶ 14. Tier I is the least

restrictive tier. *See State v. Acoff,* 2009-Ohio-6633, ¶ 17 (8th Dist.). A juvenile classified as a Tier I sex offender is required to register for ten years. R.C. 2950.07(B)(3)(a).

{¶ 14} In determining whether a delinquent child should be classified as a juvenile offender, R.C. 2152.83(D) provides that the juvenile court

> shall consider all relevant factors, including, but not limited to, all of the following:
>
> (1) The nature of the sexually oriented offense or the child-victim oriented offense committed by the child:
>
> (2) Whether the child has shown any genuine remorse or compunction for the offense;
>
> (3) The public interest and safety;
>
> (4) The factors set forth in division (K) of section 2950.11 of the Revised Code, provided that references in the factors as set forth in that division to "the offender" shall be construed for purposes of this division to be references to "the delinquent child;"
>
> (5) The factors set forth in divisions (B) and (C) of section 2929.12 of the Revised Code as those factors apply regarding the delinquent child, the offense, and the victim;
>
> (6) The results of any treatment provided to the child and of any follow-up professional assessment of the child.

{¶ 15} The factors set forth in R.C. 2950.11(K) include:

> (1) The offender's age;
>
> (2) The offender's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexually oriented offenses or child-victim oriented offenses;

(3) The age of the victim of the sexually oriented offense or child-victim oriented offense the offender committed;

(4) Whether the sexually oriented offense or child-victim oriented offense the offender committed involved multiple victims;

(5) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or child-victim oriented offense the offender committed or to prevent the victim from resisting;

(6) If the offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be a criminal offense, whether the offender completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sexually oriented offense or a child-victim oriented offense, whether the offender or delinquent child participated in available programs for sex offenders or child-victim offenders;

(7) Any mental illness or mental disability of the offender;

(8) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense the offender committed or the nature of the offender's interaction in a sexual context with the victim of the child-victim oriented offense the offender committed, whichever is applicable, and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(9) Whether the offender, during the commission of the sexually oriented offense or child-victim oriented offense the offender committed, displayed cruelty or made one or more threats of cruelty;

(10) Any additional behavioral characteristics that contribute to the offender's conduct.

{¶ 16} The factors set forth in R.C. 2929.12(B) and (C) consider whether the offender's conduct was more or less serious than conduct normally constituting the offense.

**C. Analysis**

{¶ 17} After a thorough review of the record, we find that the juvenile court did not abuse its discretion in classifying V.W. as a Tier I juvenile-sex-offender registrant. The juvenile court had before it evidence sufficient to support its classification determination.

{¶ 18} In claiming that the juvenile court abused its discretion by classifying V.W. as a Tier I juvenile sex offender, V.W. argues that (1) he does not pose a risk to public safety, (2) there is nothing in the record demonstrating that he could not be rehabilitated through youth-specific treatment while incarcerated in the DYS, and (3) registration would have long-term harmful and counterproductive effects on V.W. He alleges that the trial court "failed to properly balance the system's rehabilitative goals with the punitive nature of the registry and evidence of long-term harm."

{¶ 19} As a preliminary matter, "we note that although the classification statute requires the juvenile court to *consider* the outlined factors, nothing in the statute requires the juvenile court to 'explicitly announce its findings regarding each individual factor before it classifies a child as a juvenile offender registrant.'" (Emphasis in the original.) *K.T.,* 2019-Ohio-4258, at ¶ 25 (8th Dist.), quoting *In re C.R.,* 2014-Ohio-1936, ¶ 6 (4th Dist.).

{¶ 20} Here, prior to classifying V.W. as a Tier I juvenile sexual offender, the judge expressly noted that he had looked through all the reports and assessments,

including the probation report, and had taken into consideration the nature of the sexually oriented offense, as well as whether V.W. had shown any remorse, the public's interest and safety, and the factors set forth in R.C. 2950.11(K) and 2929.12(B) and (C). The court also noted in the dispositional journal entry issued on October 21, 2024, that it had made these considerations.

{¶ 21} With respect to the factors set forth in R.C. 2152.83(D), there is evidence to support the juvenile court's classification of V.W. as a Tier I sexual offender registrant. First, with respect to the nature of the sexually oriented offense, V.W. engaged in sexual conduct with a 12-year-old female victim who was unable to legally consent to such conduct. And after the illegal sexual conduct had concluded, she was further victimized when she learned that V.W. had filmed the act without her knowledge and disseminated the video on social media.

{¶ 22} Second, there is nothing in the record demonstrating V.W. had "shown any genuine remorse or compunction for the offense." R.C. 2152.83(D)(2). At the dispositional hearing, when given the opportunity to speak, V.W. chose not to, rather than convey any regret for his actions. Neither the predispositional probation report nor the sex offender assessment include any statement from V.W. expressing remorse for his conduct. On the contrary, the sex offender assessment report includes statements from V.W. that indicate that he had not fully taken responsibility for his actions. For example, V.W. claims in the report that it was the victim who asked him to film the offense and that it was V.W.'s friend who uploaded

the video on social media.  According to police reports, however, the victim stated that she did not even know the incident had been filmed until she learned that a video had been uploaded to the social media platform Instagram.  There is nothing in the record demonstrating that V.W. has shown any remorse for his conduct.

{¶ 23} Third, the juvenile court indicated that it had considered the public's interest and safety.  V.W. argues that he "is at a low risk of reoffending and does not pose a risk to public safety."  In support of this argument, V.W. cites to several studies purporting to demonstrate that juvenile sex offenders generally have a low recidivism rate and that the juvenile court was "unreasonable" in requiring Tier I registration.  He also argues that such registration requirements have long-lasting impacts on juveniles required to register.

{¶ 24} In crafting the juvenile-sex-offender statutory scheme, the legislature has taken into account the differences between juveniles and adults with respect to sex-offender registration.  "[T]he purpose of sex-offender registration is to protect the public, and that the legislature's concern for recidivism and public safety provides a rational basis for treating juvenile sex offenders differently based on their ages." *In re D.R.,* 2021-Ohio-1797, ¶ 7 (1st Dist.), citing *In re M.I.,* 2017-Ohio-1524, ¶ 2–6 (1st Dist.).  The legislature has determined that 14- and 15-year-old offenders may be classified as juvenile sex offenders at the discretion of the juvenile court, rather than a mandatory classification.  As such, the court must look at each case individually to determine whether the juvenile offender poses a risk to the public.

{¶ 25} Here, a sex-offender assessment of V.W. was conducted prior to the dispositional hearing. Pursuant to the evaluation, the report recommends V.W. participate in a program in order focus on risk factor reduction, among other treatment goals. Another factor the juvenile court must consider is the "results of any treatment provided to the child and of any follow-up professional assessment of the child." R.C. 2152.83(D)(6). There is nothing in the record demonstrating that V.W. engaged in any treatment applicable to this factor. With respect to this factor, the juvenile court noted that V.W. "never had any treatment regarding a prior sexual offense . . . ."

{¶ 26} V.W. claims that there was no evidence presented demonstrating that V.W. would not benefit from treatment while incarcerated and that the juvenile court "was unreasonable when it failed to properly assess the benefit and potential for rehabilitation achieved through youth-specific treatment at DYS." Contrary to V.W.'s claims, R.C. 2152.83(D)(6) does not require the juvenile court to consider *future* treatment the juvenile may engage in while incarcerated. While we agree that such a factor may be relevant, we cannot say that the juvenile court was unreasonable for failing to address a factor not specifically required by statute or raised by V.W. at the classification hearing. And to the extent that V.W. does engage in treatment while incarcerated that may prove to be effective, the legislature has provided an avenue to have his sexual registration classification modified or terminated as a result. *See* R.C. 2152.84.

{¶ 27} Upon a thorough review of the record, we find that the juvenile court did not abuse its discretion in classifying V.W. as a Tier I juvenile sex offender. The juvenile court was in the best position to weigh the evidence with respect to the relevant factors set forth in R.C. 2152.83(D). *In re Z.M.,* 2022-Ohio-194, ¶ 28 (8th Dist.), citing *In re T.M.,* 2916-Ohio-162, ¶ 27 (12th Dist.) (juvenile court is in the best position to assess and weigh evidence relevant to R.C. 2152.83(D) factors). Given the young age of the victim; the serious nature of the offense, including the filming and subsequent dissemination of the video without the victim's knowledge; and V.W.'s lack of remorse concerning his conduct, we cannot say that the juvenile court "applie[d] the wrong legal standard, misapplie[d] the correct legal standard, or relie[d] on clearly erroneous findings of fact" in classifying V.W. as a Tier I juvenile sex offender. *Thomas,* 2008-Ohio-1720, at ¶ 15 (8th Dist.). As such, we will not substitute our judgment with that of the juvenile court. *See T.C.,* 2025-Ohio-1544, at ¶ 10 (8th Dist.).

{¶ 28} Accordingly, V.M.'s sole assignment of error is overruled.

## III. Conclusion

{¶ 29} The juvenile court considered the relevant factors necessary to classify V.W. as a Tier I juvenile sex offender and did not abuse its discretion in doing so. We affirm the juvenile court's judgment.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
KATHLEEN ANN KEOUGH, J., CONCUR