[Cite as *State v. Uliveto*, 2018-Ohio-1364.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| TIMOTHY ULIVETO | : | Case No. 2017CA00099 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

NUNC PRO TUNC

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of Common Pleas, Case No. 1997-CR-0031

JUDGMENT: Affirmed

DATE OF JUDGMENT: April 9, 2018

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

By: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South- Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

PETER HORVATH
38294 Industrial Park Road
P.O. Box 501
Lisbon, Ohio 44432

*Baldwin, J.*

**{¶1}** Appellant, Timothy Uliveto, appeals the decision of the Stark County Court of Common Pleas denying, without a hearing, his motion under R.C. 4510.021 for driving privileges. Appellee is the state of Ohio.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}** In 1997 Appellant plead guilty to one count of driving under the influence, R.C. 4511.19 (A)(1)(B) and one count of driving without an operator's license, R.C. 4507.02 (M) [*sic*]. The trial court found appellant had been convicted of six (6) prior DUI offenses and sentenced appellant to twelve (12) months in the Stark County jail. The court also imposed a lifetime suspension of the appellant's driver's license, ordered that the vehicle he was driving be forfeited and imposed a fine of $750 and assessed court costs.

**{¶3}** Appellant was incarcerated until January 21, 1998 when he was granted early release and credit for time served. Since his release appellant has filed motions on five (5) separate occasions seeking driving privileges. All of the motions have been denied without a hearing and until the most recent denial, no appeal was taken.

**{¶4}** In response to a motion for driving privileges filed by the appellant in 2015, the state submitted documentation showing that since the imposition of the lifetime driver's license suspension in 1997, appellant has been convicted of additional traffic related charges including driving without a license, driving under the influence and driving under suspension. He has also been found guilty of criminal damaging, domestic violence, and, as late as 2016, disorderly conduct.

**{¶5}** Appellant's latest motion for driving privileges was filed April 21, 2017. In support of the motion appellant contended that he had completed the reinstatement requirements at the BMV and that he is fully employed. Submitted with the motion was

documentation from the Bureau of Motor Vehicles dated June 2, 2016 and a letter dated March 19, 2015, purportedly from appellant's employer, offered in support of granting driving privileges. The employer's letter suggests that the appellant will be traveling throughout Ohio, Kentucky and Indiana, but the motion and attachments contain no specific limitations or parameters for the driving privileges requested. The document from the BMV describes the appellant's license status as "SUSPENDED," that he has no driving privileges and that "SR-22 or Financial Responsibility Bond is no longer required." Appellant did not address the status of his sobriety in his motion and did not request a hearing.  Finally, the record shows that appellant has been employed with the same employer since 2006 despite the lack of driving privileges.

{¶6} On May 18, 2017 the trial court denied the motion without a hearing. Appellant now appeals that order and asserts one assignment of error:

{¶7} THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING THE APPELLANT'S MOTION FOR DRIVING PRIVILEGES, WITHOUT A HEARING.

{¶8} Appellant argues that he is entitled to a hearing on his motion filed under R.C. 4510.02, contending that without a hearing appellant and counsel are without guidance as to the reason for the refusal and that the appellate court is without a record to review. Appellant cites no precedent directly on point but urges this court to adopt the standard applicable to civil actions when a defendant files a motion to dismiss a complaint pursuant to Civ.R. 12 (B)(6). We cannot apply the Civil Rules to a criminal case and therefore must reject appellant's invitation to do so. Further, for the reasons set forth below, we find that no hearing is required in this case.

{¶9} As noted by the Appellant, we review the trial court's ruling under an abuse of discretion standard.

Absent an abuse of discretion, the trial court's decision denying a motion for occupational privileges will not be reversed on appeal. See *State v. Neace,* 3d Dist. Mercer No. 10–06–04, 2006–Ohio–3072, ¶ 6; *State v. Gambill*, 3d Dist. Auglaize No. 2–11–28, 2012–Ohio–5437, ¶ 9; *State v. Rumley*, 4th Dist. Gallia No. 90–CA–21, 1991 Ohio App. LEXIS 2891, 1991 WL 110005 (June 21, 1991) ("The decision of a trial court to grant or deny driving privileges will not be disturbed absent an abuse of discretion."). An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*State v. Dzurilla*, 8th Dist. Cuyahoga No. 101960, 2015-Ohio-1954, ¶ 14

**{¶10}** Any person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended pursuant to section 4511.19 or 4511.191 of the Revised Code or under section 4510.07 of the Revised Code for a violation of a municipal OVI ordinance may file a petition for limited driving privileges during the suspension. (R.C. 4510.13). The trial court is granted discretion to consider that petition within the parameters described in R.C. 4510.021:

(A)    Unless expressly prohibited by section 2919.22, section 4510.13, or any other section of the Revised Code, a court may grant limited driving privileges for any purpose described in division (A) of this section during any suspension imposed by the court. In granting the privileges, the court shall specify the purposes, times, and places of the privileges and may

impose any other reasonable conditions on the person's driving of a motor vehicle. The privileges shall be for any of the following limited purposes:

(1)     Occupational, educational, vocational, or medical purposes;

(2)     Taking the driver's or commercial driver's license examination;

(3)     Attending court-ordered treatment;

(4)     Attending any court proceeding related to the offense for which the offender's suspension was imposed;

(5)     Transporting a minor to a child care provider, day-care, preschool, school, or to any other location for purposes of receiving child care;

(6)     Any other purpose the court determines to be appropriate.

R.C. 4510.021(A)

{¶11} Neither this Code section nor the cases cited by the appellant contain a mandatory hearing requirement.  The Code does clearly grant the trial court substantial discretion regarding whether to grant privileges.

{¶12} The record in this case reveals a history of traffic and misdemeanor offenses preceding appellant's incarceration in 1997 and subsequent to his release in 1998, including additional alcohol related charges and convictions. Appellant has not provided any documentation that would serve as evidence he has addressed his difficulties with alcohol abuse aside from his personnel assurances.  His petitions for driving privileges focus instead on how he and his employer might benefit from the grant, but omit any comment on whether the threat to the public has been resolved. As late as 2016 Appellant was charged with Domestic Violence and plead guilty to a reduced charge of Disorderly Conduct.  Considering this offense and the balance of the information in the

record, we cannot conclude that the trial court's decision denying the request for driving privileges was unreasonable, arbitrary or unconscionable.

**{¶13}** The decision of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

By: Baldwin, J.

Delaney, P.J. and

Earle Wise, J. concur.

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | NUNC PRO TUNC |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TIMOTHY ULIVETO | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 2017CA00099 |

The opinion previously issued in this case adopted a citation to the Revised Code Section that appears in the trial court's entry of May 5, 1997.  The trial court cited to R.C. 4507.02(M) and we incorporated that citation in our opinion in paragraph 2.  Upon review of the trial court record from 1997, we have determined that while the description of the charge is correct, the citation to the code section is erroneous as R.C. 4507.02(M) did not exist in 1997. We conclude the "M" included in the citation refers to the fact that the violation was a misdemeanor and not a reference to a subsection of the Revised Code. We have issued a nunc pro tunc opinion and entry retaining the incorrect citation, but added the notation "sic" to indicate the cite appears in the record, but the form of the citation is not accurate.