**[Cite as *In re Z.M.*, 2022-Ohio-194.]**

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

IN RE Z.M.                          :

                               :      No. 110699

A Minor Child                      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  January 27, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-15-106353

---

### *Appearances:*

David S. Bartos, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mason P. McCarthy, Assistant Prosecuting Attorney, *for appellee.*

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1.  Juvenile-appellant, Z.M., appeals from the trial court's judgment continuing his classification as a juvenile-offender registrant and a tier II juvenile sex offender.  Z.M. raises the following assignments of error for review:

1. The trial court's decision to require appellant to register as a tier II sexual-offender registrant is against the manifest weight of the evidence.

2. The trial court abused its discretion for failing to amend a juvenile offender registrant's tier status based upon evidence presented.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} On August 31, 2015, then 16-year-old Z.M. was charged as a juvenile with two counts of rape, two counts of kidnapping, and two counts of gross sexual imposition. The charges stemmed from allegations that Z.M. sexually assaulted the minor victim, H.O., on separate occasions between February 2013 and April 2015.

{¶ 4} On February 18, 2016, Z.M. entered an admission and was adjudicated delinquent on two amended counts of gross sexual imposition and one count of kidnapping. Z.M. agreed to submit to a Mokita Assessment, which is an assessment that identifies risk factors for sexual reoffending. The Mokita Assessment was completed prior to his dispositional hearing.

{¶ 5} At the dispositional hearing, Z.M. was notified of his obligation to register as a tier II sex offender. The court imposed a suspended commitment to the Ohio Department of Youth Services, ordered restitution, and placed Z.M. on a two-year period of probation. Conditions of Z.M.'s probation included sex-offender counseling.

{¶ 6} The court held review hearings in May 2016 and August 2017. The Mokita Assessment was updated in June 2017. On April 6, 2018, Z.M.'s probation

officer filed a "motion for review/amendment of court order" that requested termination of probation and a redetermination of Z.M.'s sex-offender registration status. By journal entry, dated May 11, 2018, the juvenile court terminated Z.M.'s probation, but determined that he would remain a tier II juvenile sex offender. The trial court did not, however, hold a completion-of-disposition hearing as required by R.C. 2152.84.

{¶ 7} On August 3, 2020, Z.M. filed a motion for declassification, or in the alternative, a motion for reclassification pursuant to R.C. 2152.85(B)(1). Relying on the updated June 2017 Mokita Assessment, Z.M. argued that it was appropriate to terminate his classification as a juvenile-offender registrant based on his low risk for reoffending and the "great strides [he] has taken in being a productive member of society." The state opposed the motion, arguing it was inappropriate to alter Z.M.'s classification "due to the seriousness of the underlying facts, the covert and purposeful nature of the offenses, and the opposition of the victim and the victim's family to any reclassification or declassification."

{¶ 8} On August 27, 2020, the trial court denied Z.M.'s motion without hearing. The court stated, in relevant part:

> Whereupon, the court reviewed the prior classification and all other relevant factors and information, including the nature of the sexually oriented offense or child-victim offense committed by the child whether the child has shown any genuine remorse or compunction for the offense; the public interest and safety; the factors set forth in Divisions (B) and (C) of section 2929.12 of the Revised Code as they apply regarding the delinquent child, the offense and the victim; the factors set forth in Division (K) of section 2950.11 of the Revised Code; the results of any treatment provided to the child and of any follow-up

professional assessment of the child, and the state's opposition to declassification or reclassification.

Upon due consideration, said motion is hereby denied. It is ordered that the prior classification of the youth as a juvenile-offender registrant and tier II sex offender/child-victim offender remain in effect.

{¶ 9} On April 29, 2021, this court vacated the trial court's judgment, finding the court had no authority to enter the order. *In re Z.M.*, 8th Dist. Cuyahoga No. 109994, 2021-Ohio-1492. In pertinent part, this court concluded that it was premature for the juvenile court to continue Z.M.'s classification pursuant to R.C. 2152.85 without holding a completion-of-disposition hearing under R.C. 2152.84. The cause was remanded with instructions to the juvenile court to "(1) dismiss Z.M.'s motion for declassification as premature, and (2) hold the mandatory completion-of-disposition hearing pursuant to R.C. 2152.84 at the earliest feasible date." *Id.* at ¶ 22.

{¶ 10} On remand, the trial court held the mandatory completion-of-disposition hearing on June 23, 2021. At the hearing, the parents of H.O. urged the court to reject Z.M.'s request to terminate or modify his classification status. They expressed their belief that the timing of Z.M.'s motion was appalling given the nature and severity of the offenses, H.O.'s age, and the ongoing emotional and psychological harm H.O. has suffered as a result of Z.M.'s conduct. The parents explained that they considered Z.M. to be a member of their family and that his manipulation and breach of trust has negatively impacted their family as a whole. The parents maintained that in order to protect their children, as well as others in

the community, it was imperative that Z.M.'s classification and registration requirements not be altered.

{¶ 11} Z.M. testified on his own behalf. He took responsibility for his "horrible actions" and expressed remorse to the victim and her family. Z.M. confirmed that he participated in mandatory therapy and stated that he has "learned how to be a better person * * * and how [his] actions affect [others]." Z.M. testified that since the time of his disposition, he has earned an associate's degree at a local community college and is currently working as an assistant manager at a restaurant. Z.M. lives with his parents, has obtained stability, and has done "everything in [his] power to make sure [he] is nowhere near [H.O.] and her family." On cross-examination, Z.M. reiterated that he "would never hurt anybody in [a sexual] capacity or in the same way ever again." However, he conceded that he did not need behavioral therapy to know that "an eight-year-old [could not] consent to sexual activities."

{¶ 12} Roberta Palmer testified that she completed an assessment of Z.M. in the course and scope of her employment with the Mokita Center. Palmer explained that the assessment was completed in order to identify any risk factors that are associated with sexual reoffending. In the course of completing her assessment in this case, Palmer reviewed pertinent case records and conducted several interviews with Z.M. and his parents. Palmer testified that there were several factors associated with Z.M. that were indicative of reoffending, including the age of the victim, the number of times the victim was sexually offended, and Z.M.'s gender. However,

Palmer expressed that, in her professional opinion, Z.M. "is considered to be at low risk" for reoffending and "was not in need of any further sex offender specific services." She explained that her opinion was based on the presence of several "protective factors," including the following:

1. Z.M. has been raised in a home environment that encourages positive values.

2. Z.M. has positive future goals.

3. Z.M. is involved in prosocial activities.

4. Z.M. graduated from high school.

5. Z.M. associates with positive peers.

6. Z.M. has a positive relationship with his parents.

7. Z.M. completed sex offender specific counseling.

{¶ 13} Palmer acknowledged that a number of years have passed since she completed the latest assessment of Z.M. in 2017. However, relying on the assumption that Z.M. had not reoffended since the assessment was completed, Palmer explained that the likelihood of Z.M. reoffending diminished further with each passing year. Palmer further testified that studies and data indicate that juvenile offenders, such as Z.M., are significantly less likely to reoffend "once they have gotten treatment."

{¶ 14} Z.M.'s father, J.M., testified on Z.M.'s behalf. He described the support and love Z.M. receives at home and expressed his belief that Z.M. would not reoffend. Thus, J.M. opined that it was appropriate to reduce or eliminate Z.M.'s registration requirements under the circumstances presented in this case.

{¶ 15} At the conclusion of the hearing, the trial court issued a judgment entry denying Z.M.'s request to terminate his prior classification, stating, in relevant part:

The court took the following into consideration:

A. The effectiveness of the disposition.

B. The effectiveness of treatment provided to the youth.

C. The risks the youth might re-offend.

D. Whether the prior classification should be continued or terminated.

E. Whether registration tier should be continued or modified.

F. Testimony from the hearing.

Having considered the factors enumerated above, testimony heard, arguments of counsel, and requirements under O.R.C. 2152.84, 2152.85, and 2151.23(A)(15), the court finds that after conducting the completion of disposition hearing, the previous order requiring [Z.M.] to register as a tier II juvenile sex offender shall remain in place until further order of the court.

{¶ 16} Z.M. now appeals from the trial court's judgment.

## II. Law and Analysis

{¶ 17} In his first assignment of error, Z.M. argues the trial court's judgment is against the manifest weight of the evidence. In his second assignment of error, Z.M. argues the trial court abused its discretion by failing to amend his juvenile-offender registration status despite the evidence demonstrating that he does not present a risk to himself or others. We address these assignments of error together.

{¶ 18} In accordance with this court's instructions in *In re Z.M.*, 8th Dist. Cuyahoga No. 109994, 2021-Ohio-1492, the juvenile court held a completion-of-

disposition hearing pursuant to R.C. 2152.84.  The purpose of this hearing is for the

trial court to:

> review the effectiveness of the disposition and of any treatment provided for the child, to determine the risks that the child might re-offend, to determine whether the prior classification of the child as a juvenile offender registrant should be continued or terminated as provided under division (A)(2) of this section, and to determine whether its prior determination made at the hearing held pursuant to section 2152.831 of the Revised Code as to whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender should be continued or modified as provided under division (A)(2) of this section.

R.C. 2152.84(A)(1).

{¶ 19} Upon completion of the hearing, the juvenile court, "in [its]

discretion," shall do one of the following:

> (a)  Enter an order that continues the classification of the delinquent child as a juvenile offender registrant made in the prior order issued under section 2152.82 or division (A) or (B) of section 2152.83 of the Revised Code and the prior determination included in the order that the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender, whichever is applicable;

> (b)  If the prior order was issued under division (B) of section 2152.83 of the Revised Code, enter an order that contains a determination that the delinquent child no longer is a juvenile offender registrant and no longer has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code.  An order issued under division (A)(2)(b) of this section also terminates all prior determinations that the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender, whichever is applicable.  * * *.

> (c)  If the prior order was issued under section 2152.82 or division (A) or (B) of section 2152.83 of the Revised Code, enter an order that continues the classification of the delinquent child as a juvenile offender registrant made in the prior order issued under section 2152.82 or division (A) or (B) of section 2152.83 of the Revised Code,

and that modifies the prior determination made at the hearing held pursuant to section 2152.831 of the Revised Code that the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender, whichever is applicable. An order issued under division (A)(2)(c) of this section shall not include a determination that increases to a higher tier the tier classification of the delinquent child. An order issued under division (A)(2)(c) of this section shall specify the new determination made by the court at a hearing held pursuant to division (A)(1) of this section as to whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender, whichever is applicable.

R.C. 2152.84(A)(2).

{¶ 20} In deciding whether the juvenile's sex-offender classification should be continued or otherwise modified, the juvenile court must review the effectiveness of the disposition and any treatment to determine the risk that the child might reoffend. R.C. 2152.84(A)(1). In addition, the court must consider "all relevant factors," including the factors listed in R.C. 2152.83(D). R.C. 2152.84(A)(2). The R.C. 2152.83(D) factors include the nature of the sexually oriented offense; whether the child has shown any genuine remorse or compunction for the offense; the public interest and safety; the factors set forth in R.C. 2950.11(K); the factors set forth in R.C. 2929.12(B) and (C) as they apply to the delinquent child, the offense, and the victim; and the results of any treatment provided to the child and of any follow-up professional assessment of the child.

{¶ 21} In turn, the R.C. 2950.11(K) factors include the age of the delinquent child; the child's prior record; the age of the victim; the number of victims; whether alcohol or drugs were used in the commission of the offense; any prior dispositional

order or treatment; any mental illness or disability of the child; the nature of the offense, including whether the sexual conduct was part of a demonstrated pattern of abuse; whether the offender displayed cruelty; and any other "behavioral characteristics" that contributed to the delinquent child's conduct.

{¶ 22} Finally, the R.C. 2929.12(B) and (C) factors relevant to Z.M. include whether the physical or mental injury suffered by the victim was exacerbated by the age of the victim; whether the victim suffered serious physical or psychological harm; whether the offender's relationship with the victim facilitated the offense; whether the victim induced or facilitated the offense; whether in committing the offense, the offender expected to cause physical harm; and whether there are substantial grounds to mitigate the offender's conduct that do not constitute a defense.

{¶ 23} Relevant to this appeal, it is well settled that the juvenile court maintains discretion throughout the course of the registration period to consider whether to continue, modify, or terminate the juvenile offender registration. *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, ¶ 35 ("Thus, juvenile-offender-registrant status is subject to statutorily prescribed review [under R.C. 2152.84(A)(1)] and can be modified or terminated at the discretion of the juvenile court.") *See also In re D.R.*, 1st Dist. Hamilton No. C-190594, 2021-Ohio-1797, ¶ 17, citing R.C. 2152.84. Moreover, in determining whether a continuance, modification, or termination is appropriate, "the trial court has discretion to consider all relevant information and to appropriately categorize the juvenile." *In re Antwon C.*, 182

Ohio App.3d 237, 2009-Ohio-2567, 912 N.E.2d 182, ¶ 17 (1st Dist.). Accordingly, this court will not reverse the juvenile court's decision absent an abuse of discretion. *See In re D.J.*, 12th Dist. Warren No. CA2020-05-209, 2021-Ohio-278, ¶ 12.

{¶ 24} Abuse of discretion implies that the trial court's ruling is "unreasonable, arbitrary, or unconscionable" and requires "more than an error of law or judgment" to warrant a reversal. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying this standard, "an appellate court is not free to substitute its judgment for that of the trial judge." *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶ 25} On appeal, Z.M. argues the juvenile court's judgment "is not supported by any competent, credible evidence and is therefore an abuse of discretion." Z.M. contends that it was appropriate to terminate his sex-offender classification based on the expert opinions set forth in the Mokita Assessment and his demonstration of behavior that is indicative "of an upstanding, courteous, helpful, family-oriented individual." Upon due consideration, this court is not persuaded by Z.M.'s one-sided characterization of the relevant factors contemplated under R.C. 2152.84(A)(2).

{¶ 26} In this case, Z.M. has undoubtedly taken responsibility for his past conduct and has expressed remorse to the victim and her family. He has actively participated in sex-offense counseling, has earned an associate's degree, and has maintained steady employment. In addition, Z.M. has a loving family that has provided him with a structured and supportive home. Based on these favorable

factors, Palmer opined, in her expert opinion, that Z.M. is a low risk for reoffending and is not in need of further sex-offender specific counseling.

{¶ 27} However, the record reflects that the trial court also had a comprehensive understanding of pertinent factors that weighed in favor of continuing Z.M.'s classification, including (1) the seriousness of the offenses, (2) the age of the victim, (3) Z.M.'s position of trust over the victim, (4) the breadth of Z.M.'s pattern of abuse, and (5) the ongoing emotional and physiological harm suffered by the victim and her family.

{¶ 28} After careful consideration, it is evident that the trial court carefully considered the relevant factors set forth in R.C. 2152.83(D), 2950.11(K) and 2929.12(B)-(C). Although this court recognizes the actions Z.M. has taken to address the issues contributing to his past conduct, we cannot say the trial court's decision to continue Z.M.'s classifications as a juvenile-offender registrant and a tier II sex offender was an abuse of discretion. The weight afforded to the relevant factors contemplated under R.C. 2152.84(A)(2) was left to the sound discretion of the juvenile court. *See In re D.J.,* 12th Dist. Warren No. CA2020-05-209, 2021-Ohio-278, at ¶ 18, citing *In re T.M.,* 12th Dist. Fayette No. CA2015-07-017, 2016-Ohio-162, ¶ 27 (juvenile court in the best position to assess and weigh evidence relevant to R.C. 2152.83[D] factors). And, because the record contains competent and credible evidence relating to factors that are unfavorable to Z.M.'s argument on appeal, this court may not substitute its judgment for that of the lower court. In reaching this conclusion, we note that Z.M. is not consigned to perpetual registration

as a tier II sex offender; his classification remains subject to review pursuant to R.C. 2152.85.

{¶ 29} Z.M.'s first and second assignments of error are overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, A.J., CONCURS;
MARY J. BOYLE, J., CONCURS (WITH SEPARATE OPINION ATTACHED)

MARY J. BOYLE, J., CONCURRING:

{¶ 31} I concur with the majority opinion. I respectfully write separately to emphasize Z.M.'s efforts and progress. The record is clear that Z.M. immediately apologized for his actions and since his adjudication in 2016, Z.M. completed his sex offender therapy, completed early sexual offender counseling, completed the terms of his probation without any violations, obtained an associate's degree, and has been employed with the same employer for the past five years. Z.M. is currently an assistant manager and is being considered for a promotion to general manager.

{¶ 32} At the June 2021 hearing, Z.M.'s testimony demonstrates that he accepted responsibility for his actions and expressed remorse to the victim and her family. In addition, Palmer testified Z.M.'s Mokita Assessment indicated that he was at low risk for reoffending. She further testified that, in her professional opinion, Z.M. is low risk for reoffending and "was not in need of any further sex offender specific services."

{¶ 33} Because the abuse-of-discretion standard of review is a higher threshold than a mere error in judgment and requires Z.M. to demonstrate such abuse to satisfy the appellate burden, I cannot conclude that the juvenile court overstepped the extremely high threshold of an abuse-of-discretion standard. Therefore, I defer to the juvenile court's determination and concur with the majority opinion.