[Cite as *State v. Kuhlwein*, 2024-Ohio-5497.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| RACHEL N. KUHLWEIN | : | Case No. 2024-CA-0022 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2018-CR740




JUDGMENT:                        Affirmed




DATE OF JUDGMENT:                November 20. 2024




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

AUSTIN R. LINES                           ROBERT E. CALESARIC
239 West Main Street                      35 South Park Place
Suite 101                                 Suite 150
Lancaster, OH  43130                      Newark, OH  43055

*King, J.*

{¶ 1}   Defendant-Appellant Rachel Kuhlwein appeals the April 30, 2024 judgment of the Fairfield County Court of Common Pleas which denied her petition for limited driving privileges. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

{¶ 2}   On December 6, 2018, the Fairfield County Grand jury returned an indictment charging Kuhlwein with one count of aggravated vehicular homicide, a felony of the second degree, one count of aggravated vehicular homicide, a felony of the third degree, possession of cocaine, a felony of the fifth degree, illegal use or possession of drug paraphernalia, a misdemeanor of the fourth degree, and operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, a misdemeanor of the first degree.

{¶ 3}   The charges were a result of a motor vehicle crash. Kuhlwein was traveling at approximately 76 miles per hour in a 45 mile-per-hour zone when she lost control of her vehicle, went airborne, and crashed into a tree. The crash killed one of her passengers. At the time of the crash Kuhlwein was under the influence of both alcohol and cocaine.

{¶ 4}   On May 24, 2019, following plea negotiations with the State, Kuhlwein entered pleas of no contest to each of the charges. She was subsequently sentenced to a four-year prison term and a mandatory lifetime driver's license suspension.

{¶ 5}   In May of 2022, Kuhlwein filed a motion for judicial release. On June 22, 2022, following a hearing, the trial court granted the motion and placed her on community control for five years. Condition 31 of Kuhlwein's Terms and Conditions of Supervision

was that she was would not be receiving driving privileges. Kuhlwein signed the Terms and Conditions on June 22, 2022.

{¶ 6} On April 12, 2024, while still under the supervision of the court, Kuhlwein filed a Petition for Limited Driving Privileges. She requested driving privileges for work, medical, and personal maintenance purposes. On April 30, 2024 the trial court denied Kuhlwein's petition. In its judgment entry the trial court noted the loss of life as a result of Kuhlwein's crime and stated "This Court perpetually denies Defendant's request for driving privileges. Driving is a privilege and not a right and Defendant violated the privilege in the highest way possible."

{¶ 7} Kuhlwein filed an appeal and the matter is now before this court for consideration. She raises one assignment of error as follows:

I

{¶ 8} "TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT'S PETITION FOR DRIVING PRIVILEGES."

{¶ 9} We review the trial court's ruling under an abuse of discretion standard. State v. Uliveto, 2018-Ohio-1364 ¶ 9. "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. Id. "It is not enough that the reviewing court, were it deciding the

issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 10} R.C. 4510.021 addresses limited driving privileges. That section provides:

> (A) Unless expressly prohibited by section 2919.22, section 4510.13, or any other section of the Revised Code, a court may grant limited driving privileges for any purpose described in division (A) of this section during any suspension imposed by the court. In granting the privileges, the court shall specify the purposes, times, and places of the privileges and may impose any other reasonable conditions on the person's driving of a motor vehicle. The privileges shall be for any of the following limited purposes:
>
> (1) Occupational, educational, vocational, or medical purposes;
>
> (2) Taking the driver's or commercial driver's license examination;
>
> (3) Attending court-ordered treatment;
>
> (4) Attending any court proceeding related to the offense for which the offender's suspension was imposed;
>
> (5) Transporting a minor to a child care provider, day-care, preschool, school, or to any other location for purposes of receiving child care;
>
> (6) Any other purpose the court determines to be appropriate.

{¶ 11} First, Kuhlwein argues that the trial court abused it discretion because it has a "blanket policy" of denying driving privileges in cases involving aggravated vehicular homicide. Appellant's brief at 5. But the record is devoid of any evidence that the trial court in fact employs this alleged "blanket policy." Instead, the trial court's decision appears to be based solely upon the seriousness of Kuhlwein's crime. That determination is well within the trial court's discretion. We therefore find no abuse of discretion.

{¶ 12} Second, as noted in our statement of facts, a condition of Kuhlwein's judicial release was that she would not be granted driving privileges. Kuhlwein did not in any way challenge that condition. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 13} For the forgoing reasons, the sole assignment of error is overruled.

{¶ 14} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By King, J.,

Wise, P.J. and

Baldwin, J. concur.