[Cite as *State v. Bowen*, 2025-Ohio-1273.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-43 |
| | : | |
| v. | : | Trial Court Case No. 24-CR-0092 |
| | : | |
| BRANDON C.S. BOWEN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 11, 2025

. . . . . . . . . . .

TRAVIS KANE, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Brandon C. S. Bowen appeals from his conviction in the Clark County Court of Common Pleas after he pleaded guilty to menacing by stalking; he was sentenced to 17 months in prison. For the reasons that follow, the judgment of the trial court will be affirmed.

I.   **Facts and Procedural History**

{¶ 2} S.J. had a protection order against Bowen and, despite that, Bowen continued to communicate with her. S.J. stated that between November 2022 and April 2023, she received almost 250 communications from Bowen, which included pictures of him with a gun, commands to cancel the protection order, and death threats. After an investigation, Bowen was charged with three counts – Count One: menacing by stalking, a fourth-degree felony; Count Two: violating a protection order, a fifth-degree felony; and Count Three: violating a protection order, a third-degree felony. On June 11, 2024, Bowen pleaded guilty to Count One, menacing by stalking, and the remaining charges were dismissed. The trial court then sentenced him to 17 months in prison.

{¶ 3} Bowen has filed a timely appeal that raises one assignment of error.

## II.    Sentencing

{¶ 4} In his lone assignment of error, Bowen argues that the trial court erred when it did not consider R.C. 2929.11 and R.C. 2929.12 on the record during the sentencing hearing.

{¶ 5} A trial court has full discretion to impose any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. Jones*, 2021-Ohio-325, ¶ 85 (2d Dist.). "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*

{¶ 6} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and

convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.).

**{¶ 7}** According to the Ohio Supreme Court, we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

**{¶ 8}** In this case, there is no question that Bowen's 17-month sentence was within the statutory range for fourth-degree felonies. His claim, instead, is that "[t]he trial court indicated it was considering [Bowen's] prior criminal record but did not provide any other reasons as to how it reached its sentence or how it considered any of the other sentencing factors required by R.C. 2929.11 and 2929.12." Appellant's Brief at 4. Bowen asserts that the court must state on the record that it considered the principles and purposes of felony sentencing and the seriousness and recidivism factors. This is incorrect.

**{¶ 9}** This court has often explained that a defendant's sentence is not contrary to law when the trial court expressly stated in its sentencing entry that it had considered R.C. 2929.11 and R.C. 2929.12, even if it neglected to mention these statutes at the disposition. *State v. Walden*, 2016-Ohio-47, ¶ 10 (2d Dist.); *State v. Battle,* 2014-Ohio-4502, ¶ 15 (2d Dist.); *State v. Miller,* 2010-Ohio-2138, ¶ 43 (2d Dist.). Further, "[o]n a

silent record, a trial court is presumed to have considered the statutory purposes and principles of sentencing, and the statutory seriousness and recidivism factors." *State v. Goldblum*, 2014-Ohio-5068, ¶ 50 (2d Dist.).

**{¶ 10}** While the trial court stated on the record that it had considered Bowen's criminal record, particularly an incident from 2017 in which he threatened to kill several students at his high school, it did not specifically mention R.C. 2929.11 and R.C. 2929.12. The judgment entry, on the other hand, noted that "[t]he Court considered the PSI, record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12."

**{¶ 11}** Based on the record before us, Bowen's sentence was not contrary to law; it was within the parameters for fourth-degree felonies, and the trial court considered the principles and purposes of felony sentencing and the seriousness and recidivism factors. To the extent that Bowen argues his sentence was unsupported by the record, that argument is foreclosed by *Jones,* 2020-Ohio-6729. Even if it were not, we would find there was evidence in the record to support the sentence. The assignment of error is overruled.

### III.     Conclusion

**{¶ 12}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


HUFFMAN, J. and HANSEMAN, J., concur.