[Cite as *State v. Rochon*, 2025-Ohio-1716.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. OT-24-040 |
| Appellee | Trial Court No. TRD-24-3191 |
| v. | |
| David J. Rochon | **DECISION AND JUDGMENT** |
| Appellant | Decided: May 13, 2025 |

\* \* \* \* \*

James J. VanEerten, Esq., Prosecuting Attorney, and Blake W. Skilliter, Assistant Prosecuting Attorney, for appellee.

Erik Wineland, for appellant.

\* \* \* \* \*

**MAYLE, J**.

{¶ 1} The defendant-appellant, David J. Rochon, appeals a September 16, 2024 decision by the Ottawa County Municipal Court that denied his request for limited driving privileges, following his conviction for reckless operation and speeding. As set forth below, we affirm the trial court's judgment.

## I. Background

{¶ 2} On August 9, 2024, Rochon was cited for reckless operation and speeding while driving on S.R. 53 in Ottawa County. At a hearing on September 4, 2024, Rochon appeared pro se and expressed his intention to plead no contest to each charge. The trial court offered Rochon a continuance to speak with an attorney and asked whether he had "questions on getting advice or recommendation from counsel." Rochon declined.

{¶ 3} During the Crim.R. 11 colloquy, the trial court advised Rochon that his sentence included a possible fine of $150, as to each offense, and "up to a three-year license suspension." The court then heard from the State, which reviewed the report from the sheriff's deputy who cited Rochon. According to that report, Rochon was observed driving at an excessive rate of speed while traveling northbound in the southbound lane of S.R. 53 and while coming "head-on" with the deputy's vehicle. After the deputy "maneuver[ed]" out of Rochon's way, the deputy turned around, activated his radar and "got a reading of 110 [mph]." The posted speed limit for that partly-residential area is 55 mph.

{¶ 4} The court accepted Rochon's no-contest plea and found him guilty of reckless operation, in violation of R.C. 4511.20, and speeding, in violation of R.C. 4511.21, both minor misdemeanors. It imposed a $150 fine, plus costs, in each case, and a two-year license suspension.

2.

**{¶ 5}** Rochon immediately filed a motion for occupational driving privileges. Rochon explained that he works as an industrial engineer for IET, Inc. and is assigned to the General Motors' facility on Alexis Road in Toledo. Rochon commutes to his full-time job from his home in Perrysburg, and he submitted a letter from his employer to that effect, as well as proof of insurance. The trial court denied Rochon's motion.

**{¶ 6}** Rochon retained counsel and filed a second "motion for limited driving privileges" on September 13, 2024. This time, Rochon cited his work commute *and* his need to transport his grandson to and from high school, in Toledo. In support of the motion, Rochon included a judgment entry from the Wood County Court of Common Pleas, Juvenile Division, indicating that Rochon and his wife have legal custody of their grandson. Rochon also included a personal letter, addressed to the court, in which he expressed his regret for driving with "disregard" for other people's safety. The letter re-emphasized his family's dependence on him to provide financially and to help with transportation. The trial court denied the second motion on September 16, 2024. Rochon appealed. He assigns a single assignment of error for our review.

> 1. The Trial Court Abused its Discretion in Not Granting Appellant Occupational and Child Care Driving Privileges Under the Facts and Circumstances of the Instant Case.

## II. Law and Analysis

**{¶ 7}** The granting of limited driving privileges is governed by R.C. 4510.021, which provides that "a court may grant limited driving privileges for any [of the following limited]

3.

purpose[s] . . . during any suspension imposed by the court: (1) Occupational. . . [or for] (5) Transporting a minor to. . . school." The statute "clearly grant[s] the trial court substantial discretion regarding whether to grant [limited driving] privileges." *State v. Uliveto,* 2018-Ohio-1364, ¶ 11 (5th Dist.).

{¶ 8} The decision of a trial court to grant or deny driving privileges will not be disturbed absent an abuse of discretion. *State v. Neace,* 2006-Ohio-3072, ¶ 6 (3d Dist.). An abuse of discretion constitutes more than an error of law or judgment. Rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.*

{¶ 9} On appeal, Rochon argues that the sheriff deputy's report, indicating that Rochon was driving 110 mph "makes no sense." However, Rochon's plea of no contest constitutes an admission of the facts alleged in the complaint as well as the facts set forth by the State in its explanation of the circumstances surrounding the charges. *State v. Downs*, 2015-Ohio-3398, ¶ 8 (9th Dist.), citing *State v. Perry,* 83 Ohio St.3d 41, 43 (1998); Crim.R. 11(B)(2). Accordingly, Rochon may not challenge the sufficiency of the evidence on appeal "so long as the State fulfilled its obligation to allege sufficient facts in support of the charges." *Id.,* citing *Cuyahoga Falls v. Doskocil,* 2013–Ohio–2074, ¶ 15 (9th Dist.). Accordingly, we reject Rochon's challenge to the "accuracy" of the evidence of his guilt.

4.

{¶ 10} Next, Rochon complains that the trial court denied his request for limited driving privileges "without explanation." However, R.C. 4510.021 does not require the trial court to engage in any analysis on the record. *Accord, State v. Burlington,* 2019-Ohio-351, ¶ 9 (8th Dist.) (Trial court's denial of motion to terminate license suspension "without a reason" was not an abuse of discretion where the statute, R.C. 2925.03(G), "does not require the trial court to engage in that analysis on the record."). Therefore, we find no error in the trial court's decision not to include findings of fact or conclusions of law to support its denial of Rochon's motion.

{¶ 11} Finally, Rochon argues that the trial court acted unreasonably by denying him relief, because it effectively "limits his ability to work, earn an income and care for his grandchildren." We disagree.

{¶ 12} The trial court had before it evidence that Rochon endangered himself and others by driving at twice the legal limit, into on-coming traffic. As Rochon admitted in his letter to the court, he bears "total responsibility" for having put others in "grave danger." The record also includes evidence that Rochon's driving record includes 15 prior citations for speeding. Considering the "substantial discretion" afforded to a trial court when determining whether to grant driving privileges, we cannot conclude that its decision to deny the request in this case was unreasonable, arbitrary or unconscionable. *Uliveto,* 2018-Ohio-1364, at ¶ 11 (5th Dist.). Accordingly, we find Rochon's assignment of error not well-taken.

5.

### III. Conclusion

{¶ 13} For the foregoing reasons, Rochon's assignment of error is found not well-taken, and the September 16, 2024 judgment of the Ottawa County Municipal Court is affirmed. Costs are assessed to the appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.
_____
JUDGE

Christine E. Mayle, J.
_____
JUDGE

Myron C. Duhart, J.
CONCURS.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.