**[Cite as *In re T.C.*, 2025-Ohio-4730.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re T. C.

Court of Appeals No. L-24-1277

Trial Court No.  JC19275871

**DECISION AND JUDGMENT**

Decided: October 14, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and,
Evy M. Jarrett, for appellee.

Lauren Hammersmith, for appellant.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} Appellant, T.C., appeals the judgment entry of the Lucas County Court of

Common Pleas, juvenile division, which declined to declassify and remove his

registration requirement as a tier I juvenile sex offender. For the following reasons we affirm.

## II. Facts and Procedural History

{¶ 2} In June 2019, appellant was 15 years old and worked in a group home facility. On or about June 29, 2019, he represented himself as an undercover police officer to a 59-year-old, physically disabled female patient at the facility, and used a firearm to commit a sexual assault against the woman.

{¶ 3} A complaint was filed against appellant, alleging rape in violation of R.C. 2907.02 (A)(2), a felony of the first-degree. He was adjudicated delinquent for one count of rape, and on October 13, 2020, the trial court classified appellant as a tier II juvenile sex offender, placed him under probation and community control, and ordered him to register with the court every 180 days for 20 years. Following his sentencing hearing, appellant complied with his registration requirements, completed court-ordered treatments for mental health and behavioral issues, remained employed, and refrained from committing any new offenses.

{¶ 4} The trial court, on its own motion, set a probation hearing for July 26, 2021. Appellant, his mother, appellant's counsel, the assisting prosecuting attorney, a representative of the Allen Jackson group home where he resided, appellant's probation officer, and a representative from the Zepf treatment center were all present at the hearing. Appellant's probation officer reported that appellant was complying with their program, and recommended appellant's probation be terminated. Accordingly, the court reclassified him as a tier I offender and terminated his community control and probation,

2.

effective July 26, 2021. The court kept the registration requirement, although reduced the 20-year time requirement by half.

{¶ 5} On September 3, 2024, after continuing good behavior and compliance with his court-ordered registration, T.C. petitioned the court to declassify him as a tier I offender and terminate the registration requirement. On November 1, 2024, the trial court held a hearing, where appellant presented his case and supported his request for declassification.

{¶ 6} Appellant presented the following facts as support for declassifying him. Appellant was employed, working as a night-shift security guard. Additionally, he was a full-time college student working towards a medical assistant degree. To complete requirements for his degree, he also worked as an intern in hospitals. An instructor from his intern program wrote a character letter on his behalf, informing the court that appellant was doing well in learning skills and remaining professional. Two recovery specialists from the living community he was residing in also wrote character letters stating that appellant was working hard on rehabilitation; with one of them stating that it was their opinion appellant "is going to continue to work hard on being the best version of himself." Appellant provided evidence at the hearing that he had fully complied with timely registration and committed no new criminal offenses. The State did not contest that he had been meeting his requirements and presented no evidence of concerning behavior that would undermine reclassification. The State, however, opposed reclassification, raising concerns about recidivism.

3.

**{¶ 7}** Following the hearing, the trial court entered its judgment, denying his motion. The trial court noted that appellant, as a registered tier I offender, had reported only three years out of the 20-year period imposed as part of the original sentence. Furthermore, the trial court mentioned the change of his status from a tier II to a tier I juvenile offender. Moreover, the trial court found there was merit in the state's concern of recidivism, considering his employment and the nature of the rape he committed. The court stated, "although [appellant] has made great strides in his life, he has much to accomplish." Furthermore, the court noted that "[appellant] did not assert or prove how registration is negatively impacting his life."

**{¶ 8}** Appellant filed a timely appeal.

### III. Assignment of Error

**{¶ 9}** Appellant asserts his assignment of error as follows:

1. The trial court acted unreasonably and arbitrarily when it denied appellant's motion to be declassified as a juvenile sex offender.

   a. The trial court erred because it failed to consider, on the record, the factors listed under R.C. 2152.83 (D).
   b. The trial court's reasons for denying the motion were unsupported by facts and evidence.

### IV. Law and Analysis

**{¶ 10}** The trial court exercised discretion when it reviewed and denied appellant's request to be declassified. Appellant asserts that the trial court acted unreasonably and arbitrarily when it denied appellant's motion. Appellant also asserts that the trial court failed to consider mandatory factors in its determination.

4.

{¶ 11} A trial court reviews and weighs supporting evidence presented by a petitioner seeking declassification, thereby exercising discretion when deciding on whether to continue or terminate the offender's status. *See In re Z.M.*, 2022-Ohio-194, ¶ 23 (8th Dist.) ("the juvenile court maintains discretion throughout the course of the registration period to consider whether to continue, modify, or terminate the juvenile offender registration"). Therefore, on appeal we review the trial court's decision under an abuse of discretion standard.

{¶ 12} An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Rochon*, 2025-Ohio-1716, ¶ 8 (6th Dist.). Our role under an abuse of discretion standard is to give deference to the trial court, it is not proper "to determine that a trial court abused its discretion simply because [we] might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments." *Sortino v. Calfee, Halter & Griswold, LLP*, 2025-Ohio-1949, ¶ 9 (6th Dist.).

{¶ 13} In addressing appellant's argument, we must first address whether the trial court erred by failing to address, on the record, the factors courts are required to consider when reviewing a motion for declassification under R.C. 2152.85 (C). Then we must review whether the trial court, after considering and weighing all relevant factors, committed an abuse of discretion when it denied appellant's motion.

5.

**A. The trial court did not err by failing to consider, on the record, the factors listed under R.C. 2152.83 (D).**

{¶ 14} A juvenile sex offender may petition a court to declassify or reclassify their status pursuant to R.C. 2152.85 (B). Upon reviewing a petition, R.C. 2152.85 (C) provides that a trial court shall consider all relevant factors and information when deciding whether to remove or continue a prior registration and classification order. In addition to any other factors the court finds important, the court is required to consider the factors under R.C. 2152.83 (D) in its decision. Appellant argues that the trial court committed error by failing to describe, for our review, its consideration of the factors listed under R.C. 2152.83 (D). We disagree.

{¶ 15} The plain language of R.C. 2152.85 (C) requires trial courts to *consider* the listed factors; however, the statute does not have a provision stating that a trial court must list its reasoning for each of the factors in the ruling. In *State v. Carpenter,* we remanded a case back to the trial court because the trial court was required to make factual findings on the factors listed in the statute but failed to do so on the record. *State v. Carpenter*, 2005-Ohio-6133, ¶ 34 (6th Dist.). The statute which the trial court failed to comply with required the court to do the following:

> the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the court has determined that the offender is a sexual predator and *shall specify that the determination was pursuant to division (B) of this section*.[1]

---

[1] The statute, R.C. 2950.09, has since been repealed.

6.

(Emphasis added) *Id.* at ¶ 17, quoting R.C. 2950.09(B)(4). The findings made by the trial court in this case are distinguishable from *Carpenter* because R.C. 2152.85 (C) does not have language requiring the trial court to *specify* that its determination was pursuant to the factors it must consider. The statute requires the court to *consider* those factors in forming its opinion, but there is no requirement that those factors must specifically be in the trial court's decision.

{¶ 16} The trial court did not err in its written decision because the language of R.C. 2152.85 (C) includes no mandate to make specific factual findings on each of the factors. Furthermore, when a trial court's sentencing is challenged for failing to consider statutory factors, we may presume that the trial court considered the statutory provisions. *See State v. Bowen*, 2025-Ohio-1273, ¶ 9 (2d Dist.). Here, the trial court, "after thorough review of *all evidence*, hearing notes, case orders, and *the applicable law*," found appellant's motion not well taken. (Emphasis added). Absent evidence to the contrary, we presume that when the trial court reviewed the evidence presented and followed the applicable law, the court considered the statutory factors that were mandated by R.C. 2152.85 (C) and identified the factors the court found most relevant to its decision. *See, e.g., State v. Rivera,* 2021-Ohio-1343, ¶ 19 ("a court will presume that the judge followed the statutes, absent evidence to the contrary.").

{¶ 17} As we discuss below, the trial court's opinion reflected consideration of the applicable factors under R.C. 2152.83 (D), despite not specifically identifying each one in detail.

7.

**B. The trial court's decision to deny appellant's motion for declassification was not an abuse of discretion, as it was supported by significant considerations and reasonable concerns.**

{¶ 18} Appellant next argues the trial court's reasons for denying the petition were unsupported by facts and evidence. Specifically, appellant contests the trial court's concern of recidivism. In opposition to the state's argument, appellant cites research which indicates that juvenile sex offenders are at a lower risk of recidivism. Additionally, the appellant contends that the trial court's consideration of the amount of time appellant had been registering and the remark that appellant "still [had] much to accomplish," were irrelevant. Appellant argues these two considerations are irrelevant to the motion as registration requirements are meant for punishment not rehabilitation, and the trial court's consideration of these factors indicates the court was attempting to use the registration to "push appellant into action." Although recognizing that the registry is used for punishment, appellant argues his case by citing research which identifies how the registry can harm juvenile offenders. Notwithstanding appellant's references to research on the topic, the trial court found appellant did not demonstrate a burden resulting from the registration.

{¶ 19} The trial court did not commit an abuse of discretion. Its considerations were not arbitrary, but proven by the judgment entry, where the trial court identified facts that were related to the factors under R.C. 2152.83 (D), such as the concern for public safety. Furthermore, the trial court was permitted to take into account any relevant factors as part of its decision. The trial court noted valid concerns raised by the State about

8.

appellant's future behavior. Additionally, the trial court found that appellant's failure to identify hindrances posed by registration was a reason to deny the motion. The trial court's decision not only contained relevant considerations but also reflected a reasonable and conscionable analysis of the facts.

{¶ 20} As required under R.C. 2152.85(C), the court shall, in conjunction with any other relevant considerations, consider the factors under R.C. 2152.83(D) when reviewing a petition for declassification:

> (1) The nature of the sexually oriented offense or the child-victim oriented offense committed by the child;
> (2) Whether the child has shown any genuine remorse or compunction for the offense;
> (3) The public interest and safety;
> (4) The factors set forth in division (K) of section 2950.11 of the Revised Code . . .
> (5) The factors set forth in divisions (B) and (C) of section 2929.12 of the Revised Code . . .
> (6) The results of any treatment provided to the child and of any follow-up professional assessment of the child.

R.C. 2152.83 (D).

{¶ 21} Sex offender registration requirements exist to keep the public aware and informed. *In re D.R.*, 2021-Ohio-1797, ¶ 7 (1st Dist.) ("We stated that the purpose of sex-offender registration is to protect the public . . ."). The length of time appellant had been registering was a reasonable consideration, in light of its relation to public safety. Appellant had only been registering as a tier II offender for nine months before he was reclassified to tier I. He had only been registering as a tier I offender for three years before petitioning the court. The trial court's remark that appellant "still [had] much to accomplish" is consistent with this consideration of public safety, as it arguably showed

9.

that the trial court believed appellant still had work to do regarding his rehabilitation and growth from the mindset that led him to commit the assault. Thus, it was within the trial court's discretion to determine whether it was too soon to remove the registration requirement or that terminating the safety mechanism of registration would pose a risk to the public.

{¶ 22} The trial court had the discretion to deny appellant's petition in light of any relevant factors, not just the mandated ones, pursuant to R.C. 2152.85 (C) which states that a judge when reviewing a petition for declassification "may review the prior classification or determination in question and, upon consideration of all relevant factors and information . . . Enter an order denying the petition.". Here, the trial court specifically noted appellant's failure to demonstrate how the registration requirement has disrupted his life or opportunities as a reason for denying the petition. To attribute this finding to the trial court's misunderstanding of the effects of sex offender registration on appellant misconstrues the trial court's consideration of the factors and ignores the trial court's discretion to consider any factor it finds relevant. In reviewing this consideration, we focus only on demonstrated abuse of the trial court's discretion.

{¶ 23} In the written entry, the trial court found, "the Juvenile Prosecutor has valid concerns regarding [T.C.]'s current employment choice, given the details of the charge." The trial court further considered the nature of the crime as it relates to concerns of recidivism. Significantly, the nature of appellant's crime involved using his position of authority over the victim. Accordingly, the trial court did not act unreasonably when it found that appellant's internship in the medical field might present a risk of recidivism,

10.

as his place of employment put him in the same position of authority he occupied when he committed the assault. Additionally, appellant's employment as a security guard was noted as a genuine concern, given the fact he committed the assault by impersonating a police officer, demonstrating the inclination to abuse positions of authority and potentially a propensity to commit crimes.

{¶ 24} Since we are permitted to assume the trial court formed their opinion in consideration of the statutory factors under R.C. 2152.83 (D), we may look to the record for details of appellant's conviction, as factors in the decision. First, the victim's age and disability demonstrated that appellant may have propensity to harm vulnerable people. Furthermore, the rape was committed by appellant, armed with a firearm and impersonating a police officer, significant details that supported concerns about appellant's access to weapons and propensity to commit violent crimes.

{¶ 25} The record also contains information regarding appellant's mental health history such as reports of delusional thinking, anxiety disorders, a schizophrenia diagnosis, and reports of family members with mental illness. The trial court properly considered these factors, a history of mental illness and a predisposition to mental health crises, in reaching its determination regarding a danger of recidivism.

{¶ 26} Appellant's argument mainly challenges the trial court's conclusions. We are not permitted to find an abuse of discretion simply because we may have disagreed on some findings made by the trial court. There is nothing in the record to demonstrate the trial court's reasoning for denying the petition was unreasonable, arbitrary, or capricious. Furthermore, because the trial court was required to *consider* the relevant factors under

11.

R.C. 2152.83 (D), but not required to specify in its opinion a response to each of the factors, the trial court's omission of enumerated reasons did not constitute an abuse of discretion. For these reasons, we find appellant's assignment of error not well-taken.

## V. Conclusion

{¶ 27} Finding substantial justice has been done, we affirm the judgment of the Lucas County Court of Common Pleas, Juvenile Division. Appellant shall pay the costs of the appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
                                                    JUDGE

Gene A. Zmuda, J.
_____
                                                    JUDGE

Myron C. Duhart, J.
CONCUR.                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.